

# IN THE
# TENTH COURT OF APPEALS

_____

### No. 10-11-00162-CR

**THE STATE OF TEXAS,**

                                                            **Appellant**

 **v.**

**MELANIE DAWN FIELDER,**

                                                            **Appellee**

_____

### From the 85th District Court
### Brazos County, Texas
### Trial Court No. 26,960-85

_____

## O P I N I O N

_____

The State of Texas appeals from an order withdrawing a discharge from community supervision that also dismissed an indictment against Melanie Dawn Fielder dated April 14, 2011. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 20(a) (West Supp. 2011). The State complains that the trial court lacked jurisdiction to enter the order because her community supervision had been completed on October 3, 2007 and an order discharging Fielder had been signed by the trial court on November 9, 2007. Fielder filed a request for judicial clemency on March 4, 2011, which the trial court granted after a hearing. Because we find that the trial court lacked jurisdiction to enter

the new judgment, we reverse the judgment of the trial court entered on April 14, 2011, and render judgment dismissing Fielder's motion because the trial court does not have jurisdiction to grant Fielder's request.

*Appellee's Brief*

Initially, we must address Fielder's failure to file a brief in this matter. The appellee's brief was due on August 8, 2011. On August 29, 2011, after not receiving a brief, this court sent a letter instructing Fielder to file a brief or a request for extension within 14 days or to notify the court that no brief will be filed. However, no brief has been filed, and Fielder has not requested additional time to file a brief.

There is no rule specifically addressing the effect of the appellee's failure to file a brief in response to an appellant's brief in a criminal appeal. In *Siverand v. State*, 89 S.W.3d 216 (Tex. App.—Corpus Christi 2002, no pet.), the court discussed the available options when the State as the appellee does not file a brief. The first option would be to accept an appellant's argument and reverse the conviction. *Siverand v. State*, 89 S.W.3d at 219. However, the trial judge would be at a disadvantage with no one to defend the ruling. *Id*. The second option would be to abandon our role as impartial jurists, become advocates for the appellee, and advance arguments on behalf of the appellee to affirm the trial court's judgment. *Id*. However, such a position would run afoul of the Code of Judicial Conduct's requirement of impartiality as well as the rules of appellate procedure which require parties to advance their own arguments. TEX. R. APP. P. 38.1(h) and 38.2(a)(1); *Siverand v. State*, 89 S.W.3d at 219. As such, we are unable to

advance arguments on behalf of either party. *Lawton v. State*, 913 S.W.2d 542, 554 (Tex. Crim. App. 1995); *Siverand v. State*, 89 S.W.3d at 219.

Ultimately, however, we believe that a third and better option is to treat the appellee's failure to file a brief as a confession of error. *Siverand v. State*, 89 S.W.3d at 220; *see also Hawkins v. State*, 278 S.W.3d 396, 399 (Tex. App.—Eastland 2008, no pet.). This confession of error is not conclusive. *Saldano v. State*, 70 S.W.3d 873, 884 (Tex. Crim. App. 2002); *Siverand v. State*, 89 S.W.3d at 220. We must make an independent examination of the merits of the issues presented for review. *Siverand v. State*, 89 S.W.3d at 220. In that review we are limited to the arguments advanced by the appellee in the trial court so that we do not advance new arguments on behalf of the appellee. *Saldano v. State*, 70 S.W.3d at 884; *Hawkins v. State*, 278 S.W.3d at 399; *Siverand v. State*, 89 S.W.3d at 220.

### Discharge of Community Supervision

Section 20 of article 42.12 of the Code of Criminal Procedure establishes the mechanism for the discharge of a person after the successful completion of community supervision. TEX. CODE CRIM. PROC. ANN. art. 42.12, § 20 (West Supp. 2011). This section gives a trial court two options: the first, simply to discharge the defendant after the successful completion and the expiration of the period of community supervision, and the second, to set aside the verdict or permit the defendant to withdraw the defendant's plea, and if so, then to "dismiss the accusation, complaint, information or indictment against the defendant, who shall thereafter be released from all penalties

and disabilities resulting from the offense or crime of which the defendant has been convicted or to which the defendant has pleaded guilty" with two exceptions that are not at issue in this proceeding. TEX. CODE CRIM. PROC. ANN. art. 42.12, § 20(a) (West Supp. 2011). The second option is generally referred to as "judicial clemency." *See Cuellar v. State*, 70 S.W.3d 815, 819 (Tex. Crim. App. 2002).

Originally, shortly after the successful completion of Fielder's community supervision, the trial court followed the first option and discharged Fielder in a written order entered approximately two months after the completion of her community supervision. At the hearing on Fielder's motion, Fielder acknowledged the entry of that 2007 order but then asked the trial court to consider her actions in the approximately four years after the completion of her community supervision in determining whether to grant her request for judicial clemency.

In the hearing before the trial court, Fielder contended that section 20 does not limit the time period for the trial court to grant judicial clemency, regardless of when the term of community supervision ended or when the order discharging her was rendered. The State filed a motion to dismiss for lack of jurisdiction which was denied by the trial court. The trial court heard evidence of Fielder's actions subsequent to the discharge of her community supervision as well as her reasons for the request and then granted Fielder's motion, set aside the finding of guilt, withdrew Fielder's plea of guilty, and dismissed the indictment against her.

At the hearing before the trial court, Fielder did not present any argument or authority in support of her position outside of the language of section 20. Fielder's case had been closed by the judgment discharging her from community supervision in 2007. We are unable to determine the source of any form of jurisdiction on the part of the trial court with regard to Fielder's successfully served and discharged community supervision at the time of the entry of the 2011 judgment. *See, e.g., State v. Patrick*, 86 S.W.3d 592, 595 (Tex. Crim. App. 2002) (as trial court's order permitting DNA testing was based upon neither Chapter 64 nor a pending habeas corpus application, "[the] trial court was therefore clearly and indisputably without jurisdiction to issue the order in question."); *Moore v. State*, No. 09-06-00532-CR, 2008 Tex. App. LEXIS 3174 at *14 (Tex. App.—Beaumont April 30, 2008, no pet.) (mem. op., not designated for publication) (trial court *sua sponte* order, entered two years after discharging Moore from deferred adjudication, returning Moore to deferred adjudication, held void where applicable statute did not preclude discharge). We note that, at certain times, the Court of Criminal Appeals has suggested that a trial court may retain "plenary power" to modify or rescind an order within thirty days of its entry. *See Swearingen v. State*, 189 S.W.3d 779, 781 (Tex. Crim. App. 2006) (citing *State v. Aguilera,* 165 S.W.3d 695, 697-98 (Tex. Crim. App. 2005)). However, in the instant case, any plenary power the trial court may have retained following its 2007 judgment terminating and discharging Fielder's community supervision expired long before entry of its 2011 judgment. We find that

the trial court had no jurisdiction to render the judgment which purported to rescind the court's earlier judgment discharging Fielder from community supervision. We sustain the State's sole issue.

*Conclusion*

Having determined the trial court lacked jurisdiction to render its judgment of April 14, 2011, we reverse the judgment of the trial court and render judgment ordering that Fielder's motion for judicial clemency filed on March 4, 2011 is dismissed for lack of jurisdiction. *See* TEX. R. APP. P. 43.2(e). In a situation such as this when a trial court acts entirely without jurisdiction, the proper remedy is to return the parties to the positions they occupied prior to the trial court's actions. *See Deifik v. State*, 58 S.W.3d 794, 798 (Tex. App.—Fort Worth 2001, pet. ref'd) (citing *Smith v. State*, 40 S.W.3d 701, 702 (Tex. App.—Waco 2001), *pet. dism'd*, 72 S.W.3d 353 (Tex. Crim. App. 2002)). Therefore, the November 9, 2007 judgment discharging Fielder's probation is in full force and effect.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
  Justice Davis, and
  Justice Scoggins
  (Justice Davis concurring without a separate opinion)
Reversed and rendered
Opinion delivered and filed December 21, 2011
Publish
[CR25]