NO. 07-12-0122-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

NOVEMBER 27, 2012

---

THE STATE OF TEXAS, APPELLANT

v.

JOHN DAVID SHELTON, APPELLEE

---

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 84-401618; HONORABLE CECIL G. PURYEAR, JUDGE

---

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**DISSENTING OPINION**

Disagreeing with the majority's conclusion that the trial court lacked jurisdiction to grant the relief requested by Appellee, I respectfully dissent.[1]  In this case, the State acknowledges that, under certain statutory conditions, section 20(a) of article 42.12 of the Texas Code of Criminal Procedure vests a trial court with jurisdiction to set aside a

---

[1]Because the majority opinion accurately sets forth the factual and procedural background of this case, as well as the statutory history of what is now section 20(a) of article 42.12 of the Texas Code of Criminal Procedure, those matters will not be repeated here.  *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 20(a) (WEST SUPP. 2012). *See also* Act of May 29, 1989, 71st Leg., R.S., ch. 785, § 4.17, sec. 23, 1989 TEX. GEN. LAWS 3471, 3516 (recodifying sec. 7 as sec. 23); Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 4.01, sec. 20, 1993 TEX. GEN. LAWS 3586, 3739 (recodifying sec. 23 as sec. 20).  *See also* Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 4.01, sec. 20, 1993 TEX. GEN. LAWS 3586, 3739.

verdict of guilty and dismiss an indictment, and because it does not contend the trial court abused its discretion by granting Appellee's *Motion to Set Aside Conviction and Dismiss Charges* pursuant to those provisions, the determinative issue comes down to this: Is there a limitation as to *when* the trial court can exercise that authority? The majority says there is, I say there is not, and the Court of Criminal Appeals has not weighed in on this specific question – at least not yet.

JUDICIAL CLEMENCY

The Texas Court of Criminal Appeals has held, and the State concedes, that section 20(a) authorizes "two entirely different types of 'discharge' from felony community supervision." *Cuellar v. State,* 70 S.W.3d 815, 818 (Tex.Crim.App. 2002). First, there is the standard discharge from community supervision, which is mandatory if the person placed on community supervision has completed the entire term of supervision and has satisfactorily fulfilled all of the conditions imposed; and secondly, there is the less common discharge, commonly referred to as "judicial clemency," which allows the trial court to set aside the verdict of guilt and dismiss the accusation, complaint, information, or indictment. *See* TEX. CODE CRIM. PROC. ANN. § 20(a) (WEST SUPP. 2012). This less common discharge has been determined to be a legislatively enacted mechanism which is appropriate "when a trial judge believes that a person on community supervision is completely rehabilitated and is ready to re-take his place as a law-abiding member of society. . . ." *Cuellar,* 70 S.W.3d at 819. Judicial clemency is not a right; rather, it is a matter which lies within and is entrusted to the sound discretion

2

of a trial court judge. *Id.* at 818-19. Accordingly, there is no dispute that a trial court has "jurisdiction" to grant this particular type of relief. The question is, is there a temporal limit as to *when* that authority can be exercised?

TIME LIMITS ON JUDICIAL CLEMENCY

As stated in the majority opinion, the language central to Appellee's requested relief has remained essentially unchanged since it was originally enacted. The pertinent provision in section 20(a) currently reads:

> Upon the satisfactory fulfillment of the conditions of community supervision, the judge, by order duly entered, shall . . . discharge the defendant. If the judge discharges the defendant under this section, the judge may set aside the verdict . . . and shall dismiss the accusation, complaint, information, or indictment against the defendant, who shall thereafter be released from all penalties and disabilities resulting from the offense or crime of which the defendant has been convicted or to which the defendant has pleaded guilty, except that: [exceptions not made applicable by the present record].

*See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 20(a) (WEST SUPP. 2012).

Reading these two sentences together, the majority has divined that the trial court lost jurisdiction to affect the relief Appellee requested "no later than thirty days following its May 21, 1996 discharge order." The majority goes on to say: "[w]e think the sentences, taken together, indicate the Legislature intended the judicial clemency decision to be made at the same time as the 'usual' discharge." With all due respect, I simply do not read such a limitation into the juxtaposition of these two sentences.

3

First of all, there is no statutory limitation as to *when* a trial court must "by order duly entered" grant the "usual" discharge from community supervision. In the very words of the statute itself, such an order may be entered "at any time," including both before the original date for termination of community supervision, as in the case of "early termination" envisioned by section 20(a), or months, even years, after the satisfactory completion of a defendant's terms and conditions of community supervision. In fact, in *Cuellar*, a decision relied upon by the majority, judicial clemency was not granted until more than two months after the defendant had completed the term of his community supervision. *Cuellar,* 70 S.W.3d at 815. Because such an order can be entered "at any time," it would logically follow that a judicial clemency order, even one entered contemporaneous with a "usual" discharge order could come years after the period of supervision has elapsed. To limit the trial court's authority to consider an application for judicial clemency to that period of time immediately concurrent to a mandatory discharge of a defendant within thirty days of the successful completion of community supervision is to read a limitation into the statute that simply is not there. Furthermore, the creation of such a limitation is inconsistent with the public policy purpose of judicial clemency altogether.

The majority finds support for its position in the recent Waco Court of Appeals decision in *State v. Fielder,* 376 S.W.3d 784 (Tex.App.—Waco 2011, no pet.). In that case, Fielder was discharged from community supervision by an order signed in November 2007. Four years later, in March 2011, Fielder sought and obtained an order of judicial clemency. The Waco court reversed that order and rendered judgment that

4

Fielder's motion for judicial clemency be dismissed for lack of jurisdiction. In reaching that conclusion, the court held that it was "unable to determine the source of any form of jurisdiction" on the part of the trial court which allowed such relief. Respectfully, I do see a source of jurisdiction and I disagree with the Waco Court's conclusion. Accordingly, I would not rely upon *Fielder* as binding precedent. *See Delamora v. State,* 128 S.W.3d 344, 359 (Tex.App.—Austin 2004, pet. ref'd) (holding that an appellate court is not bound to follow a decision of a court of equal jurisdiction).

Article V, Section 8 of the Texas Constitution defines the jurisdiction of the district courts of this State. That provision plainly confers upon the district courts "exclusive, appellate, and original jurisdiction of all actions, proceedings, and remedies," except as otherwise expressly provided by law, and there is no question that such jurisdiction extends both to civil and criminal cases, as well as matters related to both civil and criminal law, including the authority to grant judicial clemency. The Constitution having provided no time limits on a trial court's authority to grant judicial clemency, we must determine if the Legislature has limited that authority.

The Legislature is vested with the constitutional authority to enact statutes and every presumption should be indulged in favor of a legislative enactment. The judicial branch of government is not justified in limiting the authority of the Legislature to enact a statute except where the Constitution has expressly imposed limits upon it. Here, the Legislature created a mechanism by which the judicial branch could use its reasoned judgment to determine if a defendant should continue to be burdened by the "penalties and disabilities" of a criminal conviction, under the limited circumstances specifically

5

authorized by the Legislature. Those limitations do not include a restriction as to when a trial court may exercise that authority. If the Legislature had wanted to limit that authority to a specific time frame, it knows how to do it, and the judicial branch should not usurp that legislative function by creating a limitation where none exists. Given the fact that the Legislature has granted trial courts with the authority to grant judicial clemency, without imposing a temporal limitation, Appellee's *Motion to Set Aside Conviction and Dismiss Charges* was sufficient to invoke the Constitutional jurisdiction of the trial court, irrespective of when it was filed.

Accordingly, I would find the trial court had jurisdiction to grant Appellee the relief requested and I would affirm the decision of the trial court.


Patrick A. Pirtle
Justice

Publish.

6