

# IN THE
# TENTH COURT OF APPEALS

### No. 10-11-00274-CR

**THE STATE OF TEXAS,**

**Appellant**

 **v.**

**CHAD MICHAEL HRACHOVY,**

**Appellee**

### From the County Court at Law No 2
### Brazos County, Texas
### Trial Court No. 10-02775-CRM-CCL2

## MEMORANDUM  OPINION

Appellee Chad Michael Hrachovy was charged by information with the offense of racing on a highway ("intentionally or knowingly us[ing] a vehicle, to-wit: a 2001 Ford F250 pickup . . . in an attempt to outgain another vehicle, to-wit: a 2003 Dodge Ram 3500 pickup . . . ."). *See* TEX. TRANSP. CODE. ANN. § 545.420(a)(1), (b)(2)(A) (West 2011). Hrachovy filed a motion to set aside the information, arguing that Transportation Code subsections 545.420(a)(1) and (b)(2)(A) are unconstitutionally vague on their face and as applied to the specific facts alleged against him, in violation

of the due process and due course of law clauses of the U.S. and Texas Constitutions, respectively.[1] In his facial challenge to the statute, Hrachovy maintained that the term "outgain" (1) failed to give notice sufficient that a person of ordinary intelligence would know what is prohibited and (2) failed to establish determinate guidelines for the enforcement of the law. For instance, Hrachovy argued, using the ordinary meaning of "outgain," section 545.420 would be violated simply by going faster than any vehicle on the road, and, "by simply observing one car going faster or passing another vehicle, law enforcement could arbitrarily and erratically enforce the statu[t]e at their discretion." In his "as applied" challenge to the statute, Hrachovy simply stated, "Further, as the evidence is applied specifically to Defendant, Tx. Trans. Code 545.420 violates the due process and due course of law protection of the U.S. Const. and Tx. Const. and is unconstitutional as applied to Defendant and his particular circumstances."

The trial court held a hearing on Hrachovy's motion. Hrachovy first called Texas A&M University Police Department senior patrol officer Walter Markwardt to testify. Officer Markwardt stated that on May 11, 2010, he observed a black Dodge "dually" truck and a silver Ford F-250 truck traveling eastbound on University Drive in College Station "at a high rate of speed." Both vehicles were "definitely" exceeding the 35-mile-per-hour speed limit. Officer Markwardt eventually caught up with both trucks at an intersection where they were stopped side-by-side at a red light. Hrachovy was the driver of the silver Ford F-250 truck. The drivers of the trucks revved their engines, and

---

[1] Subsection 545.420(a)(1) states: "A person may not participate in any manner in . . . a race." Subsection 545.420(b)(2)(A) defines "race" as "the use of one or more vehicles in an attempt to . . . outgain or outdistance another vehicle or prevent another vehicle from passing."

Hrachovy spun his truck's tires. The two drivers were looking back and forth at each other. When the light turned green, both trucks accelerated. Officer Markwardt stated that Hrachovy "hammered on it, put it to the floor and went as fast as possible." Hrachovy exceeded the 35-mile-per-hour speed limit as he accelerated away from the light. Officer Markwardt pulled Hrachovy over and arrested him for racing.[2] A video recording of the incident was admitted into evidence.

Officer Markwardt also testified that, to him, the term "out-gain" means to "[o]bviously out-accelerate the other vehicle." When asked by Hrachovy if the normal definition of "out-gain" could include just one vehicle going faster than the other, Officer Markwardt replied that he imagined one could look at the law several different ways. Hrachovy then asked whether "out-gain" could mean one person going two miles per hour and another going one mile per hour, and Officer Markwardt replied that it could. Hrachovy also asked if "out-gain" could mean a vehicle passing another vehicle on the road, and Officer Markwardt replied, "Yes, sir. You can throw all kinds of situations at that. The situation that I was in was not any of those." Officer Markwardt stated that he does not feel that the statute is too vague for him to be able to interpret it and apply it in a realistic manner. He uses his discretion and common sense when he decides to enforce a law like this one; that is part of what police officers are expected to do.

Hrachovy then argued to the trial court that the term "out-gain" is vague because it can be interpreted by different people in many different ways. For example,

---

[2] Other officers eventually found the other truck and arrested its driver for the same offense.

Hrachovy stated, it could include passing another vehicle to get off at an exit ramp or to make a turn. A person is potentially subject to arrest based on the arbitrariness of how an officer interprets the statute. Hrachovy's counsel then stated, "Now, as it applies to my client, I think what's important here is he didn't break any other laws." Hrachovy continued:

> But what this statute says, if you're -- as in Chad Hrachovy's situation, he's not breaking any other law. We're trying to read some interpretation of intent, which I know would be up to a jury to decide. But to give him notice of what is against the law about out-gaining this other individual, this statute doesn't do it. And that term is too broad.
> And so it's vague on its face and it's vague as it's being applied and unconstitutional as it's being applied to this client, because he's not breaking any other law.

The State responded that the statute is not vague just because there are other acts besides what Hrachovy did that might be a violation of the statute, like choosing to pass someone to be able to exit the highway. The State then argued,

> Now, even more limiting is the fact that case law says that this defendant can't argue in the abstract about what the law might sound like to other people. His first hurdle is to try and show that it's unconstitutionally applied to him, in other words, that he didn't know what he was not supposed to be doing.

The State maintained that as applied to Hrachovy, the statute could not be clearer. "He knew what he wasn't supposed to be doing and he did it anyway."

The trial court granted Hrachovy's motion. In a letter to the parties, the trial judge stated in part:

> "Attempt to outgain" is the only description used to inform this defendant what he is accused of doing. It is tempting, under the facts of this case, to say that a defendant should have known not to engage in the behavior shown by the evidence. It cannot honestly be said that he could

know better from the statutory language under which he is charged.  That he might also have been charged for this same behavior under other sections of the statute demonstrates the vagueness of the language being challenged.

Furthermore, the vague language at issue does not provide explicit standards to law enforcement personnel to prevent arbitrary or discriminatory enforcement.  The range of behavior for which an officer might make an arrest under the prohibition of attempting to outgain seems almost unlimited.

I would have to say the statutory language made the basis of this information is unconstitutionally vague in all its possible applications.

The State appeals the trial court's ruling.

## Appellee's Brief

Initially, we must address Hrachovy's failure to file a brief in this matter.  The appellee's brief was due on December 2, 2011.  On December 9, 2011, after not receiving a brief, the Clerk of the Court sent a letter instructing Hrachovy to file the brief or a request for extension of time to file the brief within fourteen days of the date of the letter or to notify the Court that no brief would be filed.  To date no brief has been filed, and Hrachovy has not requested additional time to file a brief.

We treat Hrachovy's failure to file a brief as a confession of error.  *State v. Fielder*, 376 S.W.3d 784, 785 (Tex. App.—Waco 2011, no pet.).  This confession of error is not conclusive.  *Id.*  We must make an independent examination of the merits of the issues presented for review.  *Id.*  In that review, we are limited to the arguments advanced by the appellee in the trial court so that we do not advance new arguments on behalf of the appellee.  *Id.*

**Constitutionality of the Statute**

In its sole issue, the State contends that the trial court erred in setting aside the information charging Hrachovy with racing on a highway, having concluded that subsections 545.420(a)(1) and (b)(2)(A) are unconstitutionally vague. Because Hrachovy provided no argument or analysis on how the state constitution provides more or less protection than its federal counterpart, and because the trial court's ruling does not indicate otherwise, we assume for purposes of this opinion that Hrachovy's rights under the state constitution are the same as those secured by the federal constitution. *See Fielder*, 376 S.W.3d at 785; *cf. Jones v. State*, 24 S.W.3d 540, 542 n.2 (Tex. App.—Fort Worth 2000, no pet.).

In determining the constitutionality of a statute, we begin with the presumption that it is valid and that the legislature did not act arbitrarily or unreasonably in enacting the statute. *Rodriguez v. State*, 93 S.W.3d 60, 69 (Tex. Crim. App. 2002). Where no First Amendment rights are involved,[3] a successful facial challenge to the constitutionality of a statute under the Due Process Clause requires a showing that the statute is vague in all of its applications. *Sanchez v. State*, 995 S.W.2d 677, 683 (Tex. Crim. App. 1999). For a statute to be vague in all of its applications, and thus facially unconstitutional, it must necessarily be vague as applied to the particular defendant; therefore, if the statute is not vague as applied to the defendant's conduct, the due process challenge necessarily fails. *Id.*; *see Bynum v. State*, 767 S.W.2d 769, 774 (Tex. Crim. App. 1989) (explaining that when First Amendment rights are not involved, court need only scrutinize statute to

---

[3] Hrachovy never complained that his First Amendment rights were involved.

determine whether it is impermissibly vague as applied to challenging party's specific conduct).

The State first argues, "Although there was evidence at the pretrial hearing regarding [Hrachovy's] driving antics which led to him being arrested, [Hrachovy] has submitted no argument explaining how this driving behavior was not clearly proscribed by the statute." We agree. Most of Hrachovy's argument was dedicated to his facial challenge to the statute. His hypotheticals attempting to illustrate how broad the term "outgain" may be do not explain how the statute failed to give him a reasonable opportunity to know that the specific conduct for which he was charged was prohibited. Furthermore, although Hrachovy made several conclusory statements that the statute is unconstitutional as applied to him, the only specific "as applied" argument Hrachovy made was that the statute was vague as applied to his conduct because he was not breaking any other laws. But again, the fact that he was not violating any *other* statutes by his conduct does not explain how subsections 545.420(a)(1) and (b)(2)(A) of the statute under which he was charged failed to give him a reasonable opportunity to know that the conduct for which he was charged was prohibited by that statute.

We therefore hold that the trial court erred in concluding that Transportation Code subsections 545.420(a)(1) and (b)(2)(A) are unconstitutionally vague. *See Sanchez*, 995 S.W.2d at 683; *Bynum*, 767 S.W.2d at 774; *see also Urdiales v. State*, 349 S.W.3d 1, 6 (Tex. App.—San Antonio 2009, pet. ref'd) (overruling appellant's federal due process issue because he only argued that statute was impermissibly vague as to everyone and

failed to explain how the law was too vague as applied to his particular conduct); *DeWillis v. State*, 951 S.W.2d 212, 217 (Tex. App.—Houston [14th Dist.] 1997, no pet.) (overruling vagueness challenge to statute that did not involve First Amendment rights because "appellant has failed to explain how the harassment statute is unconstitutional as applied to him"). The trial court thus erred in setting aside the information charging Hrachovy with racing on a highway. We sustain the State's sole issue, reverse the trial court's order granting Hrachovy's motion to declare Transportation Code subsections 545.420(a)(1) and (b)(2)(A) unconstitutional and to set aside the information, and remand this case to the trial court for further proceedings consistent with this opinion.

REX D. DAVIS
Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Reversed and remanded
Opinion delivered and filed June 27, 2013
Do not publish
[CR25]