

# IN THE
# TENTH COURT OF APPEALS

### No. 10-12-00089-CR

**BOBBY JOE WALLER,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 52nd District Court**
**Coryell County, Texas**
**Trial Court No. 20,825**

## MEMORANDUM OPINION

In one issue, appellant, Bobby Joe Waller, contends that the trial court's judgment erroneously indicates that he was convicted of a second-degree felony when, in fact, the charged offense constituted a third-degree felony. We affirm as modified.

### I.    BACKGROUND

On June 11, 1982, appellant was convicted of aggravated sexual abuse in trial court cause number 9987 in the 52nd Judicial District Court of Coryell County, Texas.

The trial court sentenced appellant to "not less than five years, no more than ten years in the Texas Department of Corrections."

As he states in his brief, appellant was not required to register as a sex offender until September 1, 2005. However, on or about June 18, 2010, appellant violated the sex offender registration statutes by failing to report a change of address. Appellant was subsequently indicted for failing to register as a sex offender under article 62.102 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 62.102(a) (West 2006).

Appellant challenged the applicability of the sex offender registration statutes by filing a motion to quash and an exception to the substance of the indictment. After a hearing, appellant's motion and exception were denied. Thereafter, pursuant to a plea bargain with the State, appellant pleaded guilty to the charged offense. The trial court sentenced appellant in accordance with the plea bargain. Appellant received a five-year prison sentence in the Institutional Division of the Texas Department of Criminal Justice. The trial court also certified appellant's right to appeal, and this appeal followed.[1]

## II.    THE TRIAL COURT'S JUDGMENT

In his sole issue on appeal, appellant requests this Court to reform the trial court's judgment to reflect that he was convicted of a third-degree felony rather than a

---

[1] Specifically, the trial court certified that this is a plea-bargain case, but matters were raised by written motion filed and ruled on before trial.

second-degree felony. Despite being prompted to do so, the State has not filed an appellee's brief in this matter.

## A. The State's Failure to File an Appellee's Brief

This Court has noted that there is no rule specifically addressing the effect of the appellee's failure to file a brief in response to an appellant's brief in a criminal appeal; *cf.* TEX. R. APP. P. 38.8 (addressing the failure of appellant to file a brief in an appeal). *See State v. Javari Edward Police*, 377 S.W.3d 33, 35 (Tex. App.—Waco 2012, no pet.). In *State v. Fiedler*, this Court determined that the appellee's failure to file a brief constitutes a confession of error. 376 S.W.3d 784, 785 (Tex. App.—Waco 2011, no pet.) (citing *Hawkins v. State*, 278 S.W.3d 396, 399 (Tex. App.—Eastland 2008, no pet.); *Siverand v. State*, 89 S.W.3d 216, 220 (Tex. App.—Corpus Christi 2002, no pet.)). This confession of error, however, is not conclusive. *Saldano v. State*, 70 S.W.3d 873, 884 (Tex. Crim. App. 2002); *see Siverand*, 89 S.W.3d at 220. We must make an independent examination of the merits of the issues presented for review. *Javari Edward Police*, 377 S.W.3d at 35 (citing *Fiedler*, 376 S.W.3d at 785; *Siverand*, 89 S.W.3d at 220). In that review, we are limited to the arguments advanced by appellee in the trial court so that we do not advance new arguments on behalf of appellee. *Id.* (citing *Saldano*, 70 S.W.3d at 884; *Hawkins*, 278 S.W.3d at 399; *Siverand*, 89 S.W.3d at 220).

## B. The Sex Offender Registration Statutes

Article 62.002(a) of the Texas Code of Criminal Procedure provides that the sex offender registration statutes apply only to a reportable conviction or adjudication occurring on or after September 1, 1970. TEX. CODE CRIM. PROC. ANN. art. 62.002(a)

(West 2006). A "reportable conviction or adjudication" means a conviction or adjudication that is a conviction or an adjudication for, among other things, aggravated sexual assault of a child. *Id.* art. 62.001(5)(A) (West Supp. 2012). Appellant does not dispute on appeal that his 1982 conviction for aggravated sexual abuse constitutes a reportable conviction within the context of article 62.001(5)(A) and that he was required to register as a sex offender for life. *See id.*

Appellant was indicted for failing to report a change in address in accordance with article 62.055(a). *See id.* art. 62.055(a) (West Supp. 2012). A person commits the offense of failure to comply with the registration requirements of Chapter 62 if the person is required to register and fails to comply with any requirement of the Chapter. *Id.* art. 62.102(a). Appellant pleaded guilty to the charged offense, and the trial court proceeded to sentencing. In its judgment, the trial court noted that appellant was convicted of a second-degree felony.

Article 62.102 provides that a failure to comply with the sex offender registration requirements is a second-degree felony "if the actor is a person whose duty to register expires under Article 62.101(a) and who is required to verify registration once each 90-day period under Article 62.058." *Id.* art. 62.102(b)(3). To be subject to the ninety-day reporting requirement under article 62.058, a person must have been convicted two or more times for a sexually violent offense, received an order of deferred adjudication two or more times, or been convicted and received an order of deferred adjudication. *Id.* art. 62.058(a) (West 2006). On the other hand, a person who does not meet the aforementioned requirements of article 62.058 "shall report to the local law enforcement

authority designated as the person's primary registration authority by the department once each year . . . ." *Id.*

Here, there is no evidence that appellant meets the requirements for the ninety-day reporting requirement. *See id.* In fact, the State proffered only appellant's 1982 conviction in support of the sex offender registration requirement. As such, the evidence established that appellant was only required to report once a year. *See id.* And because he was only required to report once a year, appellant's conviction for failure to register as a sex offender could not have been a second-degree felony under article 62.102(b)(3). *See id.* art. 62.102(b)(3). Instead, appellant's offense constitutes a third-degree felony under article 62.102(b)(2). *See id.* art. 62.102(b)(2) (stating that a failure to comply with the sex offender registration requirements is a third-degree felony "if the actor is a person whose duty to register expires under Article 62.101(a) and who is required to verify registration once each year under Article 62.058").

In light of the foregoing and after reviewing the trial court's judgment, we find the judgment to erroneously state that appellant's conviction was a second-degree felony rather than a third-degree felony. *See id.* Appellant requests that we modify the judgment to correct this error. An appellate court has authority to reform a judgment to include an affirmative finding to make the record speak the truth when the matter has been called to its attention by any source. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27-28 (Tex. Crim. App. 1993); *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992). Accordingly, we reform the trial court's judgment to reflect that appellant was convicted of a third-degree felony—failing to register as a sex offender. *See* TEX. R.

APP. P. 43.2(b); *Bigley*, 865 S.W.2d at 27-28; *French*, 830 S.W.2d at 609. Accordingly, we sustain appellant's sole issue.

### III. CONCLUSION

We modify the trial court's judgment to reflect that appellant was convicted of a third-degree felony—failing to register as a sex offender—and affirm the judgment as modified.

AL SCOGGINS
Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirmed as modified
Opinion delivered and filed July 18, 2013
Do not publish
[CR25]