COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| THE STATE OF TEXAS, | § | No. 08-23-00335-CR |
| Appellant, | § | Appeal from the |
| v. | § | 327th Judicial District Court |
| DIONICIO ARROYO, | § | of El Paso County, Texas |
| Appellee. | § | (TC# 20220D02275) |

## MEMORANDUM OPINION

Appellee Dionicio Arroyo was charged by multiple indictments with one count of continuous sexual abuse of a child and four counts of aggravated sexual assault of a child. Arroyo filed a motion to quash the indictment and the trial court granted his motion in part as to the individual counts of aggravated sexual assault of a child. The State appeals the trial court's order. *See* Tex. Code Crim. Proc. Ann art. 44.01(a)(1). We reverse the trial court's ruling and remand the case to the trial court for further proceedings consistent with this opinion.

## FACTUAL AND PROCEDURAL BACKGROUND

On June 21, 2022, Arroyo was indicted for one count of continuous sexual abuse of a child (Count I) and four counts of aggravated sexual assault of a child (Counts II, III, IV, and V). In Count I, the State alleged that, between October 20, 2011, and October 19, 2014, Arroyo

committed "two or more acts of sexual abuse against G.D.A.U., a child younger than 14 years of age, namely instances of aggravated sexual assault of a child." In Counts II through V, the State alleged Arroyo committed the act of aggravated sexual assault of a child younger than 6 years of age by: (paragraph A) allegedly causing the penetration of G.D.A.U.'s sexual organ with Arroyo's sexual organ, and (paragraph B) allegedly causing the penetration of G.D.A.U.'s anus with Arroyo's sexual organ. Counts II through V differed only as to the date of the offense, as the indictment alleged those counts occurred on or about October 20, 2011, October 20, 2012, October 20, 2013, and October 19, 2014, respectively.

On October 5, 2023, Arroyo filed a motion to quash the indictment. By his motion, Arroyo requested the trial court quash the indictments as to Counts II through V because, he argued, they were "predicate offenses" that violated Section 21.02(e) of the Texas Penal Code and the Fifth and Fourteenth Amendments of the United States Constitution, which guaranteed protection against double jeopardy. Additionally, Arroyo requested the trial court quash Count I because it failed to provide him pretrial notice of the State's prosecutorial theory.

The trial court held a hearing on the motion to quash, where it received argument from both sides. The trial court entered an order denying Arroyo's request to quash the indictment on Count I and granting Arroyo's request to quash the indictment on Counts II, III, IV, and V. The State's appeal followed.

## STANDARD OF REVIEW AND APPLICABLE LAW

The standard of review of a trial court's ruling on a motion to quash turns on which judicial actor is in the best position to determine the issue in controversy. *See Guzman v. State*, 955 S.W.2d 85, 87 (Tex. Crim. App. 1997) (en banc); *see also Holton v. State*, 487 S.W.3d 600, 608 (Tex. App.—El Paso 2015, no pet.). Questions of law—such as the sufficiency of an indictment—

2

are reviewed de novo because neither the trial court nor the reviewing court occupy an appreciably better position than the other to decide the relevant issue; on the other hand, rulings that turn on evaluations of witness credibility and demeanor are reviewed for an abuse of discretion because the appellate court—deciding the issue from a cold record—is in an appreciably weaker position than the trial court in that circumstance. *See State v. Moff*, 154 S.W.3d 599, 601 (Tex. Crim. App. 2004); *Guzman*, 955 S.W.2d at 89; *Holton*, 487 S.W.3d 609.

In this case, Arroyo raised a double jeopardy claim that did not require the trial court to evaluate the credibility or demeanor of witnesses. The trial court's decision was based on the indictments, the motion to quash, and the argument of counsel. Accordingly, in this case, we determine that a de novo review is the appropriate standard of review to be employed when reviewing the trial court's decision to quash Counts II, III, IV, and V of the indictment. *Moff*, 154 S.W.3d at 601.

The Double Jeopardy Clause of the Fifth Amendment protects a defendant against being placed twice in jeopardy for the same offense. U.S. Const. Amend. V. It encompasses separate guarantees: the protection against prosecution for the same offense following an acquittal, protection against prosecution for the same offense following a conviction, and protection against multiple punishments for the same offense. *Illinois v. Vitale*, 447 U.S. 410, 415 (1980); *Ramos v. State*, 636 S.W.3d 646, 651 (Tex. Crim. App. 2021); *Carbajal v. State*, 659 S.W.3d 164, 187 (Tex. App.—El Paso 2022, pet. ref'd).

## MOTION TO QUASH

In its sole issue, the State asserts the trial court erred in granting Arroyo's motion to quash the indictment for Counts II, III, IV, and V.

3

### A.  Appellee's brief

Arroyo notified the Court that he would not be filing a brief to assist the Court in the disposition of this appeal. In a criminal case, we treat an appellee's failure to file a brief as a confession of error. *See State v. Police*, 377 S.W.3d 33, 34 (Tex. App.—Waco 2012, no pet.); *State v. Fielder*, 376 S.W.3d 784, 785 (Tex. App.—Waco 2011, no pet.). But the confession of error is not conclusive. Rather, we still must make an independent examination of the merits of the issues presented for review. *Police*, 377 S.W.3d at 34. In doing so, we are limited to the arguments advanced by the appellee in the trial court so that we do not advance new arguments on his behalf. *Id.*

To the trial court, Arroyo asserted his rights against double jeopardy would be violated if he was convicted of all charged offenses because the indictment charging him concerned the same child and the same time frame. Arroyo asserted that Counts II through V were predicate offenses of continuous sexual abuse, and the legislature did not intend for him to be convicted of all the charges.

### B.  Analysis

The State contends that the Texas Penal Code provides that "acts of sexual abuse" that serve as the component offenses under the continuous sexual abuse of a child statute may be charged in the alternative as separate independent counts in addition to the continuous sexual abuse count. Additionally, it contends the State is permitted to proceed to trial on a multiple-count indictment based on violations of different statutes, even if the offenses are the same for double-jeopardy purposes, as long as the defendant is ultimately convicted and sentenced for only one such offense. Because double-jeopardy protections have not yet been implicated at this procedural

juncture of the case, the State asserts the trial court erred in determining that Counts II through V violated Arroyo's rights against double jeopardy. We agree with the State.

Relevant to the procedural posture of this appeal, the double jeopardy clause provides two distinct protections—the protection against successive prosecutions and the protection against multiple punishments. *See United States v. Dixon*, 509 U.S. 688, 696 (1993); *Ex parte Chaddock*, 369 S.W.3d 880, 882 (Tex. Crim. App. 2012). The first protection guards against being tried repeatedly for the same offense. *See Ex parte Robinson*, 641 S.W.2d 552, 555 (Tex. Crim. App. [Panel Op.] 1982). The second protects against multiple punishments beyond what the legislature intended. *See Missouri v. Hunter*, 459 U.S. 359, 365-66 (1983). The protection against being tried repeatedly is inapplicable to a multiple-punishments double-jeopardy claim because the latter does not involve a right to avoid trial. *See Ex parte Aubin*, 537 S.W.3d 39, 43 (Tex. Crim. App. 2017); *Robinson*, 641 S.W.2d at 555. Here, Arroyo's complaint involves the second protection.

"The multiple-punishments protection against double jeopardy does not prohibit multiple jury verdicts of guilt within a single trial but only the imposition of multiple convictions and multiple punishments." *Ex parte Chapa*, No. 03-18-00104-CR, 2018 WL 3999741, at *6 (Tex. App.—Austin Aug. 22, 2018, pet. ref'd) (mem. op., not designated for publication) (citing *Aubin*, 537 S.W.3d at 43 and *Evans v. State*, 299 S.W.3d 138, 141 (Tex. Crim. App. 2009)). When a conviction occurs in a single criminal trial, the role of the double-jeopardy guarantee "is limited to assuring that the court does not exceed its legislative authorization by imposing multiple punishments for the same offense." *Aubin*, 537 S.W.3d at 43 (quoting *Brown v. Ohio*, 432 U.S. 161, 165 (1977)). It is only upon entry of a judgment for multiple offenses, after sentencing, that a multiple-punishments violation even occurs. *Id.* at 43–44.

The State asserts it is permitted to "seek a multiple-count indictment based on violations of different statutes, even when such violations are established by a single act," and even when recognizing that a defendant can ultimately be convicted and sentenced for only one of the offenses. *Evans*, 299 S.W.3d at 141. Under Penal Code Section 21.02(b), a person commits continuous sexual abuse of a child when, "during a period that is 30 or more days," he "commits two or more acts of sexual abuse" against a child younger than 14 years old. Tex. Penal Code Ann. § 21.02(b). "Acts of sexual abuse" are independent Penal Code violations and are lesser-included offenses of continuous sexual abuse. *See id.* § 21.02(c); *Soliz v. State*, 353 S.W.3d 850, 854 (Tex. Crim. App. 2011). Relevant here, aggravated sexual assault is an act of sexual abuse that may serve as a continuous sexual abuse component offense. *See* Tex. Penal Code Ann. § 21.02(c)(2), (4).

The statute further provides that, when the State proceeds to trial on a continuous sexual abuse indictment, a defendant cannot be convicted of any "act of sexual abuse" that serves as a component offense unless the "act of sexual abuse" was (1) "charged in the alternative;" (2) occurred outside the period in which the alleged continuous sexual abuse offense was committed; or (3) is considered by the trier of fact to be a lesser-included offense of the alleged continuous sexual abuse offense. *Id.* § 21.02(e).

In other words, as a matter of law, a person cannot be convicted of both continuous sexual abuse of a child and the lesser-included offenses that serve as components of the continuous sexual abuse count. *See Price v. State*, 434 S.W.3d 601, 606 (Tex. Crim. App. 2014); *Morriss v. State*, No. 02-20-00082-CR, 2021 WL 4101626, at *3 (Tex. App.—Fort Worth Sept. 9, 2021, pet. ref'd) (mem. op., not designated for publication). However, the "acts of sexual abuse" that serve as component offenses can be charged in the alternative as separate, independent counts in addition

6

to the continuous sexual abuse count. *See* Tex. Penal Code Ann. § 21.02(e)(1). In short, § 21.02(e)(1) permits the State to charge in the alternative, and Texas Code of Criminal Procedure Article 21.24 permits the State "to expand the number of counts to accommodate charging all the lesser as separate alternative counts." *See Mohler v. State*, No. 02-19-00398-CR, 2020 WL 6065910, at *6 (Tex. App.—Fort Worth Oct. 15, 2020, pet. ref'd) (mem. op., not designated for publication). Accordingly, "[t]he State has the statutory means to obtain multiple convictions on the lessers if the jury finds the defendant not guilty of the continuous-sexual-abuse offense." *Id.*

Here, no sentence has yet been imposed and no judgment has yet been entered that subjects Arroyo to multiple punishments for the same offense. Arroyo's charges are merely pending at this juncture. Jeopardy has not yet attached, and Arroyo has no substantive right to avoid trial. Accordingly, Arroyo's double jeopardy claim is premature. *See Chapa*, 2018 WL 3999741, at *6 (affirming denial of defendant's pretrial application for writ of habeas corpus where he sought to quash the indictment charging him with multiple child sexual abuse offenses because his multiple-punishment double-jeopardy claim was not cognizable in a pretrial application); *see also Lorduy v. State*, No. 10-22-00159-CR, 2023 WL 5434511, at *2 (Tex. App.—Waco Aug. 23, 2023, pet. ref'd) (mem. op., not designated for publication) (overruling defendant's complaint, on direct appeal, that trial counsel was deficient for not filing a pretrial motion to quash indictment on double-jeopardy grounds because it would have been premature as no sentence had yet been imposed and no judgment had yet been entered).

We sustain the State's sole issue.

## CONCLUSION

We reverse the portion of the trial court's order granting Arroyo's motion to quash the indictment as to Counts II, III, IV, and V. We remand these cases for proceedings consistent with this opinion.

GINA M. PALAFOX, Justice

May 10, 2024

Before Alley, C.J., Palafox and Soto, JJ.

(Do Not Publish)