# NO. 12-24-00175-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *THE STATE OF TEXAS,* *APPELLANT* | § | *APPEAL FROM THE* |
| *V.* | § | *COUNTY COURT* |
| *GABRIEL JOVANI ALVAREZ,* *APPELLEE* | § | *NAVARRO COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Appellant, the State of Texas, appeals the trial court's grant of Appellee, Gabriel Jovani Alvarez's, motion to suppress expert testimony.[1] We reverse and remand.

## BACKGROUND

On November 4, 2022, Appellee was charged with the misdemeanor offense of possession of marijuana, less than two ounces, in a drug-free zone. The offense was alleged to have occurred on or about September 22 of that year.

On or about April 23, 2024, the record indicates that the trial court held a final pre-trial or status conference, at which the State and Appellee agreed that "some evidence has been exchanged" and "there are no pre-trial motions to be heard by the Court at this time." The document includes a handwritten note stating, "Defendant does not waive any objections should the State fail to meet its discovery obligations," although the initials following this note are not legible. The trial court's findings of fact and conclusions of law state that both parties

---

[1] This case was transferred to this Court from the Tenth Court of Appeals in Waco, Texas, pursuant to a docket equalization order. *See* TEX. GOV'T CODE ANN. § 73.001 (West Supp. 2023).

announced "ready" for trial on April 23.  The case was set for jury selection to commence on May 20, 2024.

Thereafter, on April 30, the State filed a document entitled "State's Supplemental Witness List and Notice of Experts."  Despite its title, this filing appears to have been the State's first designation of witnesses and experts.  Certain individuals on the list have an asterisk next to their names, but the document does not ascribe any meaning to the presence of the asterisk.

On May 3, the State moved for a continuance (to which defense counsel did not consent). The motion alleged that the State's laboratory was unable to test the substance (to determine its THC content, ostensibly to confirm that the substance was truly marijuana and not hemp, a legal substance) and requested additional time for testing of the alleged marijuana at a private laboratory.  Following a hearing on May 14, at which the record indicates Appellee orally moved for a speedy trial, the trial court denied the State's motion for continuance and granted Appellee's motion for speedy trial.[2]  Consequently, the State sought to have the substance tested on an expedited basis. On Friday, May 17, the State received the laboratory testing report from the private laboratory and filed a supplemental notice of anticipated witnesses and expert witnesses.

The State provided the laboratory testing report to Appellee on Monday, May 20, the morning trial was set to commence.[3]  Appellee's trial counsel objected to the laboratory report (and accompanying expert testimony) on the basis that the State failed to provide sufficient notice of its intention to call expert witnesses, and further failed to produce the laboratory testing report to defense counsel as required by Article 39.14(a) of the Texas Code of Criminal Procedure.  As pertains to the laboratory report, Appellee filed a written motion to suppress, which merely states that the trial court has the discretion to suppress evidence not timely provided to the defense and requests that the trial court do so for "[a]ny reports, written conclusions, or other materials prepared by the State's proposed witness under Rules 702, 703, and 705." At the suppression hearing, defense counsel argued generally that because the evidence was not disclosed as soon as practicable, the trial court had discretion to exclude it. Specifically, he asserted that even counting only the elapsed "business hours" between receipt

---

[2] The State asserts that this hearing was not recorded, and the record before us does not appear to contain a transcript of the proceedings.

[3] The State alleged that it attempted to electronically serve the report on defense counsel the same day it received the report, but failed due to unknown human or technical error.

and disclosure, the State only disclosed the evidence a few hours before trial, which he argued was untimely and violated Article 39.14(a). The trial court sustained Appellee's objection and suppressed both the laboratory report and any testimony regarding same. Thereafter, in response to the State's request, the trial court issued findings of fact and conclusions of law. This appeal followed.

## MOTION TO SUPPRESS[4]

In its sole issue, the State contends that the trial court abused its discretion by suppressing the laboratory report because the State disclosed said report as soon as practicable under the circumstances of this case.

### Standard of Review

We review a trial court's ruling on a motion to suppress under a bifurcated standard of review. **Hubert v. State**, 312 S.W.3d 554, 559 (Tex. Crim. App. 2010); **Carmouche v. State**, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000). A trial court's decision to grant or deny a motion to suppress is generally reviewed under an abuse of discretion standard. **Shepherd v. State**, 273 S.W.3d 681, 684 (Tex. Crim. App. 2008). We defer to the trial court's findings unless they are unsupported by the record and view the evidence in the light most favorable to the trial court's ruling. **State v. Johnston**, 336 S.W.3d 649, 657 (Tex. Crim. App. 2011).

We give almost total deference to a trial court's determination of historical facts and mixed questions of law and fact, especially if those determinations turn on witness credibility or demeanor, and review de novo the trial court's application of the law to facts not based on an evaluation of credibility and demeanor. **Johnson v. State**, 414 S.W.3d 184, 192 (Tex. Crim. App. 2013); **Neal v. State**, 256 S.W.3d 264, 281 (Tex. Crim. App. 2008). When deciding a motion to suppress evidence, a trial court is the exclusive trier of fact and judge of the witnesses'

---

[4] Appellee opted not to file a brief to assist us in the disposition of this appeal, despite requesting (and receiving) two extensions of time in which to do so. In a criminal case, we treat the appellee's failure to file a brief as a confession of error. *See* **State v. Fielder**, 376 S.W.3d 784, 785 (Tex. App.—Waco 2011, no pet.); *see also* **State v. Arroyo**, No. 08-23-00335-CR, 2024 WL 2106319, at *2 (Tex. App.—El Paso May 10, 2024, no pet.) (mem. op., not designated for publication); **State v. Smith**, No. 13-14-00413-CR, 2015 WL 1456188, at *1 n.1 (Tex. App.—Corpus Christi Mar. 26, 2015, no pet.) (mem. op., not designated for publication); **Hawkins v. State**, 278 S.W.3d 396, 399 (Tex. App.—Eastland 2008, no pet.). However, the confession is not conclusive, and we must make an independent examination of the merits of the claim of error. **Fielder**, 376 S.W.3d at 785. Our examination is necessarily limited to the arguments advanced in the trial court because we may not advance arguments on behalf of the parties. **Id.**

credibility. *Maxwell v. State*, 73 S.W.3d 278, 281 (Tex. Crim. App. 2002). Accordingly, a trial court may choose to believe or disbelieve all or any part of a witness's testimony. *See State v. Ross*, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000). We uphold a trial court's ruling on a motion to suppress under any legal theory supported by the facts. *Alford v. State*, 400 S.W.3d 924, 929 (Tex. Crim. App. 2013). The trial court's ruling on a motion to suppress will be reversed only if it is arbitrary, unreasonable, or outside the zone of reasonable disagreement. *State v. Heath*, 696 S.W.3d 677, 689 (Tex. Crim. App. 2024).

## Applicable Law

Article 39.14(a) of the Texas Code of Criminal Procedure currently provides, in relevant part:

> [A]s soon as practicable after receiving a timely request from the defendant the state shall produce and permit the inspection and the electronic duplication, copying, and photographing, by or on behalf of the defendant, of any offense reports, any designated documents, papers, written, or recorded statements of the defendant or a witness, including witness statements of law enforcement officers but not including the work product of counsel for the state in the case and their investigators and their notes or report, or any designated books, accounts, letters, photographs, or objects or other tangible things not otherwise privileged that constitute or contain evidence material to any matter involved in the action and that are in the possession, custody, or control of the state or any person under contract with the state.

TEX. CODE CRIM. PROC. ANN. art. 39.14(a) (West 2023). Article 39.14(a) imposes a duty upon the State to produce discovery "as soon as practicable after receiving a timely request from the defendant" (excluding the work product of counsel for the state). *Id*. Items are considered in the possession, control, or custody of "the State" if they are in the possession, control, or custody of a law enforcement agency, even if counsel for the State is unaware that said agency has such evidence. *Heath*, 696 S.W.3d at 693.

In *Heath*, a case involving suppression of a recorded 911 call, the Texas Court of Criminal Appeals examined the meaning of "as soon as practicable" as used in Article 39.14(a) and concluded that the article required production of discovery "as soon as it is capable of being accomplished or feasible," or "as soon as the State is reasonably capable of doing so." *Id.* at 700, 702. The court further interpreted the term "practicable" to include "a requirement of reasonable diligence on the part of the prosecutor to discover what items the State has in its possession that it intends to introduce at trial." *Id.* at 700-01. That is, "once a discovery item is requested, the State now has an affirmative duty to search for the item and produce it to the defendant in a timely manner." *Id.* at 701.

4

A finding of willful misconduct, express or implied, is required to justify the exclusion of evidence based on a discovery violation (including the State's violation of Article 39.14(a)). *See id.* at 704, 708 (citing **Hollowell v. State**, 571 S.W.2d 179, 180 (Tex. Crim. App. 1978)). However, this standard does not require that the State's conduct rise to the level of intentionally acting in bad faith. "To the extent that a violation of discovery must be willful, the failure to exercise reasonable diligence in ascertaining whether discoverable evidence exists satisfies that requirement even if it would not rise to the level of bad faith necessary to establish a constitutional or ethical violation." *Id.* at 707-08 (prosecutor's actions amounted to "*enough of a showing of willfulness* to justify the trial court's remedy of exclusion even if it did not rise to the level of a constitutional or ethical violation.") (emphasis added).

**Analysis**

The State does not dispute the timeliness or adequacy of Appellee's discovery request under Article 39.14(a). Consequently, we examine whether the State disclosed the laboratory report in compliance with said article—that is, whether the State provided Appellee with the evidence "as soon as practicable" following receipt of Appellee's discovery request. The State asserts that it did not violate Article 39.14(a) in this case because the laboratory report was neither in possession of the State nor even in existence until its creation by the private laboratory on May 17, 2024. Therefore, unlike the situation in **Heath**, where the recording at issue was in existence and in the possession of the State at the time the defendant made his discovery request, and was untimely disclosed because the prosecutor failed to diligently seek out the requested evidence, the State contends that it disclosed the laboratory report as soon as was practicable— one business day after it came into existence.

Article 39.14(a)'s disclosure requirements are limited to the discovery of pre-existing documents and tangible items already in the State's possession; the State cannot be forced to create a document that does not currently exist. **State v. Nunez**, No. 01-23-00322-CR, 2024 WL 3417063, at *8 (Tex. App.—Houston [1st Dist.] July 16, 2024, no pet.) (mem. op., not designated for publication) (citing **In re Stormer**, No. WR-66,865-01, 2007 WL 1783853, at *3 (Tex. Crim. App. Jun. 20, 2007, order) (per curiam) (not designated for publication)); **In re State**, 659 S.W.3d 1, 14 (Tex. App.—El Paso 2020, no pet.). Because the timeliness of the State's disclosure of evidence under Article 39.14(a) is partially dependent on circumstance, there is no certain interval of time between the State obtaining evidence and disclosing same that

is absolutely permissible or absolutely impermissible. Moreover, much of the existing jurisprudence on point predates **Heath** and the Court of Criminal Appeals's clarification on the meaning of "as soon as practicable." However, our sister courts have determined that disclosure on the same day, or the day after, the State receives the evidence is timely. *See, e.g.*, **Ferrer v. State**, 548 S.W.3d 115, 121 (Tex. App.—Houston [14th Dist.] 2018, pet. ref'd) ("The State attempted to make the recording available to appellant's trial counsel the same day the recording was received. Appellant's trial counsel accessed the recording the following day. We are satisfied the State complied with the requirements of article 39.14 and provided discovery in its possession, custody, or control 'as soon as practicable.'"); **Humphries v. State**, No. 05-23-00543-CR, 2024 WL 3648124, at *7 (Tex. App.—Dallas Aug. 5, 2024, pet. filed) (mem. op., not designated for publication) (state's disclosure of supplemental medical records "the same or next day" of receipt timely). Conversely, a fourteen-month delay in disclosure was held to be a clear violation of Article 39.14(a). **Heath**, 696 S.W.3d at 702.

The record indicates that the laboratory report was created on Friday, May 17, and first came into the State's possession on the same day. The evidence was disclosed to defense counsel on Monday, May 20, on the morning of trial— between three and four calendar days (although less than one full business day) later. The State clearly lacked the ability to disclose this document before its creation and had no obligation to disclose evidence before obtaining possession of same. *See **In re State***, 659 S.W.3d at 14. Moreover, the text of Article 39.14(a) does not make the timeliness of disclosure dependent on that disclosure's temporal proximity to trial.[5] *See* TEX. CODE CRIM. PROC. ANN. art. 39.14(a); **Nunez**, 2024 WL 3417063, at *8 (complainant interview notes, sent at 8:35 p.m. on eve of trial, not untimely disclosed when interview took place the same day disclosure occurred). The State's attorney expressed before the court that she attempted to provide the report to defense counsel at 4:40 p.m. on May 17 by uploading it to Guardify, a digital evidence management system. However, when she realized

---

[5] We note that defense counsel could have requested a continuance to mitigate any prejudice or impairment due to the disclosure of new evidence on the morning of trial (and, as our sister court determined, could potentially waive any later Article 39.14(a) complaint by failing to do so). *See **Allred v. State***, No. 13-22-00524-CR, 2024 WL 3306742, at *6 (Tex. App.—Corpus Christi July 5, 2024, no pet.) (mem. op., not designated for publication). As occurred in **Allred**, defense counsel intentionally refrained from requesting a continuance, stating, "Yes, once I realized that [the State was] in a bind where if you kept this evidence out we were going to get a not guilty, of course, I pushed my advantage." *See **id.*** ("The record reflects that Allred affirmatively informed the trial court that he was not requesting a continuance. In other words, Allred had the opportunity to avoid any prejudice or impairment resulting from the State's late disclosure of the video recording, but chose not to.").

that the system did not indicate that defense counsel actually received the document, she provided a physical copy on the morning of May 20. Under the particular circumstances of this case, we conclude that the State disclosed the laboratory report as soon it was reasonably capable of doing so, in compliance with Article 39.14(a). *See* **Heath**, 696 S.W.3d at 700, 702.

We further note that even if the laboratory report *was* untimely disclosed in violation of Article 39.14(a), the trial court would still have acted outside its discretion by remedying that violation by suppressing the evidence. The trial court, in its findings of fact and conclusions of law, did not make any express determinations regarding willful misconduct. However, to "justify the trial court's remedy of exclusion," the record must contain a showing of willfulness on the part of the State in withholding the evidence at issue. *Id.* at 708. Upon our review, there exists no direct or circumstantial evidence in the record that would support a finding that the State "fail[ed] to exercise reasonable diligence in ascertaining whether discoverable evidence exists" as required by Article 39.14(a). Nor would this record support a finding that the State negligently or intentionally withheld evidence or otherwise committed any willful misconduct related to the disclosure of the laboratory report. Instead, as we determine *infra*, the evidence at issue came into existence (and therefore within the purview of Article 39.14(a)) less than one business day before defense counsel received same.

Based upon the foregoing, the trial court's conclusion that the State's disclosure of the report was untimely is outside the zone of reasonable disagreement, and consequently, the trial court abused its discretion in suppressing the report. Accordingly, we sustain the State's issue.

## DISPOSITION

Having sustained the State's sole issue, we *reverse* the trial court's order of May 20, 2024, granting Appellee's motion for exclusion and suppression, and *remand* this case to the trial court for further proceedings consistent with this opinion.

BRIAN HOYLE
Justice

Opinion November 13, 2024.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

7



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**NOVEMBER 13, 2024**

**NO. 12-24-00175-CR**

**THE STATE OF TEXAS,**
Appellant
V.
**GABRIEL JOVANI ALVAREZ,**
Appellee

Appeal from the County Court
of Navarro County, Texas (Tr.Ct.No. CR-82285)

THIS CAUSE came to be heard on the appellate record and the briefs filed herein, and the same being considered, because it is the opinion of this court that there was error in the judgment of the court below, it is ORDERED, ADJUDGED and DECREED by this court that the judgment be **reversed** and the cause **remanded** to the trial court **for further proceedings** and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*