NO. 07-12-00122-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

NOVEMBER 27, 2012

THE STATE OF TEXAS, APPELLANT

v.

JOHN DAVID SHELTON, APPELLEE

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 84-401,618; HONORABLE CECIL G. PURYEAR, JUDGE

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**OPINION**

The State appeals an order that granted a motion by appellee John David Shelton and dismissed his 1985 conviction.[1]  It argues the trial court lacked jurisdiction to render the challenged order some sixteen years after it discharged appellee from community supervision.[2]  Agreeing the trial court lacked jurisdiction, we will reverse the order of the trial court and render an order dismissing appellee's motion.

---

[1] Tex. Code Crim. Proc. Ann. art. 44.01(a)(1),(2) (West Supp. 2012) (State may appeal certain orders in a criminal case).

[2] "Community supervision" is the statutory term for what was formerly called "probation." *Ballard v. State,* 126 S.W.3d 919, 919 n.1 (Tex.Crim.App. 2004); *see* Tex.

Background

On July 10, 1985, consistent with his plea of guilty, the trial court found appellee guilty of burglary of a habitation and sentenced him to a term of five years in prison, which was probated for five years.[3] On October 9, 1989, the State filed a motion to revoke community supervision alleging appellee was delinquent in payment of required costs and fees. The State's subsequent motion to dismiss its motion to revoke was granted and appellee's term of community supervision was extended five years.

On May 21, 1996, appellee filed a *pro se* motion requesting discharge from community supervision. As grounds for the requested relief, he argued the term of community supervision was fulfilled and he complied with all conditions of the order of community supervision. Also on May 21, the court signed an order discharging appellee from community supervision.[4] The record reflects no post-discharge motions for new trial or reconsideration.

_____

Code Crim. Proc. Ann. art. 42.12, § 2(2) (West Supp. 2012) (defining community supervision). When appellee was convicted in 1985, he received "probation." Where practicable, we will use the term "community supervision."

[3] In part the 1985 order provided:

And it appearing from the proof and the findings of the Court that the Defendant has not before been convicted of a felony in this State or another State, it is ordered and adjudged by the Court that the imposition of Sentence of the Judgment of conviction in this cause be suspended and the Defendant, [appellee] is hereby placed on Probation for a Period of five (5) Years under the terms and conditions of the Adult Probation and Parole Law of the State of Texas.

[4] The 1996 discharge order stated:

On April 28, 2011, appellee filed a "motion to set aside conviction and dismiss charges," supported by an affidavit in which appellee described his educational achievements during and after his community supervision, and his stable work, family and church life since his discharge. The State responded that the trial court lacked jurisdiction to grant the requested relief. A hearing was conducted and on March 8, 2012, the trial court signed an order granting appellee's motion.[5] This appeal followed.

Analysis

Through a single issue, the State contends the trial court lost jurisdiction to affect the relief appellee requested by his 2011 motion no later than thirty days following its May 21, 1996 discharge order. We agree.

At the time appellee was placed on community supervision in 1985, the substance of the statutory provision on which his present argument depends was contained in former Code of Criminal Procedure art. 42.12, § 7. It provided:

---

ON THE DATE SET OUT BELOW CAME ON TO BE HEARD the motion to discharge the Offender's community supervision; the Court having considered the pleading and the evidence thereon, the Court finds that the motion should be granted:

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the original term of community supervision is modified, if necessary, to conform to the term completed by the Offender, and the Offender is hereby discharged from community supervision.

[5] In part, the 2012 order provided:

The Court ORDERS that the Defendants (sic) Motion regarding the petition of [appellee] is Granted. The Court ORDERS that the accompanying petition setting aside the conviction in the above captioned matter is granted and further ORDERS that conviction (sic) of [appellee] in its entirety in the above captioned matter . . . is hereby dismissed.

3

At any time, after the defendant has satisfactorily completed one-third of the original probationary period or two years of probation, whichever is the lesser, the period of probation may be reduced or terminated by the court. Upon the satisfactory fulfillment of the conditions of probation, and the expiration of the period of probation, the court, by order duly entered, shall amend or modify the original sentence imposed, if necessary, to conform to the probation period and shall discharge the defendant. In case the defendant has been convicted or has entered a plea of guilty or a plea of nolo contendere to an offense other than [exceptions not applicable here], and the court has discharged the defendant hereunder, such court may set aside the verdict or permit the defendant to withdraw his plea, and shall dismiss the accusation, complaint, information or indictment against such defendant, who shall thereafter be released from all penalties and disabilities resulting from the offense or crime of which he has been convicted or to which he has pleaded guilty, except that proof of his said conviction or plea of guilty shall be made known to the court should the defendant again be convicted of any criminal offense.

The section has been amended and recodified[6] in the years since 1985. Since 1993, the provisions for discharge from community supervision have been contained in section 20 of article 42.12 of the Code of Criminal Procedure. The language central to appellee's requested relief, however, has remained essentially unchanged. At the time of his 1996 discharge, the pertinent sentence in section 20(a) read:

If the judge discharges the defendant under this section, the judge may set aside the verdict or permit the defendant to withdraw his plea, and shall dismiss the accusation, complaint, information or indictment against the defendant, who shall thereafter be released from all penalties and disabilities resulting from the offense or crime of which he has been convicted or to which he has pleaded guilty, except that [exceptions not made applicable by the present record].[7]

---

[6] *See* Act of May 29, 1989, 71st Leg., R.S., ch. 785, § 4.17, sec. 23, 1989 Tex. Gen. Laws 3471, 3516 (recodifying sec. 7 as sec. 23); Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 4.01, sec. 20, 1993 Tex. Gen. Laws 3586, 3739 (recodifying sec. 23 as sec. 20).

[7] Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 4.01, sec. 20, 1993 Tex. Gen. Laws 3586, 3739.

The language has not since been changed substantively.  *See* Tex. Code Crim. Proc. Ann. art. 42.12, § 20(a) (West Supp. 2012).

The Court of Criminal Appeals has said that section 20(a) contains "two entirely different types of 'discharge' from felony community supervision." *Cuellar v. State,* 70 S.W.3d 815, 818 (Tex.Crim.App. 2002).  According to the "usual method of discharge," involving the majority of felony community supervision sentences, a person who successfully completes community supervision "has paid his debt to society and, in effect, 'graduates' from community supervision." *Id.*  Accordingly, the "trial judge shall discharge the defendant from community supervision." *Id.*

But the statute also provides a "second, less common type of discharge."  It is not a right but a matter of "judicial clemency" within the sole discretion of the trial court. *Id.* at 819.  If the trial court "believes that a person on community supervision is completely rehabilitated and is ready to re-take his place as a law-abiding member of society, the trial judge may 'set aside the verdict or permit the defendant to withdraw his plea, and shall dismiss the accusation, complaint, information or indictment against the defendant, who shall thereafter be released from all penalties and disabilities resulting from the offense or crime of which he has been convicted or to which he has pleaded guilty.'" *Id.* (citing Tex. Code Crim. Proc. art. 42.12, § 20(a)).  If a trial court "chooses to exercise this judicial clemency provision, the conviction is wiped away, the indictment dismissed, and the person is free to walk away from the courtroom 'released from all penalties and disabilities' resulting from the conviction." *Id.* at 818-19.

As for a time limit on the authority of a trial court to grant judicial clemency if it has already granted a regular discharge, the statute is silent. At no time in its history from 1985 to the present has § 20(a) contained language stating when the court may grant the "second, less common type of discharge" after having granted a regular discharge.

The Waco Court of Appeals recently addressed the question. In *State v. Fielder,* the appellee Fielder was discharged from community supervision by an order signed in November 2007. 376 S.W.3d 784 (Tex.App.--Waco 2011, no pet.). In March 2011, Fielder filed a request for judicial clemency. She argued no statutory time limit for seeking judicial clemency exists and asked the trial court consider her conduct over the roughly four-year interval following her discharge. The next month, the trial court withdrew Fielder's 2007 discharge and dismissed the indictment. Finding itself "unable to determine the source of any form of jurisdiction on the part of the trial court with regard to Fielder's successfully served and discharged community supervision" at the time of its 2011 grant of judicial clemency, the Waco court concluded the trial court lacked jurisdiction to render its 2011 judgment. *Id.* at 785-87.

In support of its conclusion, the Waco court cited *State v. Patrick,* 86 S.W.3d 592 (Tex.Crim.App. 2002),[8] in which the Court of Criminal Appeals determined a trial court acted without jurisdiction when it ordered DNA testing based neither on Chapter 64 nor a pending habeas corpus application. *Id.* at 595. In the course of its analysis in *Patrick*,

---

[8] The Waco court also cited and for its analysis relied on the Beaumont Court of Appeals opinion in *Moore v. State,* No. 09-06-00532-CR, 2008 Tex. App. Lexis 3174 (Tex.App.--Beaumont April 30, 2008, no pet.) (mem. op., not designated for publication).

the court addressed the concept of "continuing jurisdiction," noting that the Legislature "knows how to provide continuing jurisdiction if doing so is its intent." *Id.* at 595, n.13. Among the court's examples of statutory grants of continuing jurisdiction are sections 6(a), 7(a), 8(a) and 10 of article 42.12 of the Code of Criminal Procedure. *Id.*

Like the Waco court, we find the discussion in *Patrick*, 86 S.W.3d at 595, provides guidance for our resolution of this appeal. As the court held in *Cuellar*, the first, or "usual" method of discharge is required under the language of section 20(a). "[A] person who has fulfilled all of the conditions of community supervision must be discharged." 70 S.W.3d at 818. That required discharge is due on the satisfactory fulfillment of the conditions of community supervision and the expiration of the period of community supervision. Section 20(a) then provides for the discretionary judicial clemency, in the immediately following sentence with language beginning "If the judge discharges the defendant under this section, the judge may set aside the verdict . . . ."[9] We think the sentences, taken together, indicate the Legislature intended the judicial clemency decision to be made at the same time as the "usual" discharge. If the Legislature intended that trial courts have continuing jurisdiction over cases in which community supervision has been completed satisfactorily and the required discharge issued, for the purpose of considering further requests for judicial clemency, as the court in *Patrick* said, the Legislature knows how to provide it.

---

[9] Or, prior to 1993, with language beginning "In case the defendant has been convicted . . . and the court has discharged the defendant hereunder, such court may set aside the verdict . . . ."

Appellee urges us not to follow *Fielder*, arguing the court misconceived a request for judicial clemency as an attack on a criminal law judgment or sentence. Rather, appellee contends, the procedure for judicial clemency under § 20(a) is a civil action "separate and apart from the underlying criminal matter" and is like such other civil actions as expunction[10] and non-disclosure.[11] We find no merit in this contention.

It can hardly be doubted that the law governing the placement of persons on community supervision, set out in article 42.12 of the Code of Criminal Procedure, is a matter of criminal law. *See* Tex. Code Crim. Proc. Ann. art. 42.12, § 2(2)(B) (West Supp. 2012) (defining community supervision under current article);[12] *Speth v. State,* 6 S.W.3d 530, 532 (Tex.Crim.App. 1999) (although community supervision is not part of convicted person's sentence, its conditions form part of the court's judgment); *Curry v. Wilson,* 853 S.W.2d 40, 43 (Tex.Crim.App. 1993) ("Disputes which arise over the enforcement of statutes governed by the Texas Code of Criminal Procedure, and which arise as a result of or incident to a criminal prosecution, are criminal law matters"). In criminal law matters "criminal law is the subject of the litigation." *Harrell v. State,* 286 S.W.3d 315, 319 (Tex. 2009) (quoting *Smith v. Flack,* 728 S.W.2d 784, 788 (Tex.Crim.App. 1987)).

---

[10] Tex. Code Crim. Proc. Ann. arts. 55.01-55.06 (West 2006 & Supp. 2012).

[11] Tex. Gov't Code Ann § 411.081(d) (West 2012).

[12] At the time of appellee's conviction, community supervision, then called probation, meant "the release of a convicted defendant by a court under conditions imposed by the court for a specified period during which the imposition of sentence is suspended." *See* former Tex. Code Crim. Proc. Ann. art. 42.12, § 2(b) (West 1979).

Appellee's argument would have us extract from § 20(a) a single sentence, that concerning judicial clemency, and classify it as describing a civil procedure. We do not read statutes in that manner. *See Jones v. Fowler,* 969 S.W.2d 429, 432 (Tex. 1998) (per curiam) (explaining court reads a statute in its entirety and interprets it so that effect is given to every part); Tex. Gov't Code Ann. § 311.021(2)-(3) (West 2005) ("In enacting a statute, it is presumed that the entire statute is intended to be effective; [and] a just and reasonable result is intended").

Appellee presents two additional arguments, first arguing the phrase "at any time," which begins the first sentence of § 20(a), means judicial clemency may be granted at any time after the completion of community supervision. We cannot accept the argument. As we read § 20(a), whether in its current form or its predecessor forms we have referred to, the beginning phrase "at any time" rather clearly applies to the actions the court is authorized to take by the first sentence of the section. Our reading is supported by the later inclusion of language clearly stating that the required discharge occurs on "expiration of the period of community supervision." Discharge occurs at that time, not "at any time." *See Clinton v. State,* 354 S.W.3d 795, 800 (Tex.Crim.App. 2011) (court construes a statute according to its plain meaning).

Appellee's second argument is based on the statement in *Cuellar* that judicial clemency is appropriate "when a trial judge believes that a person on community supervision is completely rehabilitated and is ready to re-take his place as a law-abiding member of society. . . ." 70 S.W.3d at 819. Appellee reasons that judicial clemency thus may only be granted a defendant who has both paid his debt and shown that he

9

has truly reformed. The court in *Cuellar* was addressing the requirements for judicial clemency and its effects, not its timing. *Id.* We are unable to wring from the court's discussion of judicial clemency in *Cuellar* a holding, or even a suggestion, that a court, after having granted a "usual" discharge, may sixteen years later determine that the probationer only now is completely rehabilitated, and exercise a grant of judicial clemency.

The Court of Criminal Appeals has suggested that a trial court has plenary power to modify or rescind its order if a motion for a new trial or a motion in arrest of judgment is filed within thirty days of sentencing. *Collins v. State,* 240 S.W.3d 925, 927 n.2 (Tex.Crim.App. 2007) (citing *Swearingen v. State,* 189 S.W.3d 779, 781 (Tex.Crim.App. 2006); and *State v. Aguilera,* 165 S.W.3d 695, 697-98 (Tex.Crim.App. 2005)). *See also State v. Davis,* 349 S.W.3d 535, 537 (Tex.Crim.App. 2011) ("A trial court retains plenary power to modify its sentence if a motion for new trial is filed within 30 days of sentencing"). We need not consider the effect of such a motion filed within thirty days of its issuance of a discharge, because no such motion was filed in this case. In the absence of such a motion, however, we find no authority extending the trial court's jurisdiction to grant appellee judicial clemency beyond thirty days from entry of the May 21, 1996 general discharge order. We therefore reverse the order of the trial court and render judgment dismissing appellee's motion.

James T. Campbell
Justice

Publish.

Pirtle, J., dissenting.

10