**DISMISS; and Opinion Filed November 18, 2013.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-13-00069-CR

**ALAN CHRISTOPHER NELSON, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 219th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 219-8017191**

## MEMORANDUM OPINION
Before Justices O'Neill, Lang-Miers, and Evans
Opinion by Justice Lang-Miers

Appellant Alan Christopher Nelson appeals from the denial of his post-conviction request for "judicial clemency" pursuant to article 42.12, section 20(a) of the Texas Code of Criminal Procedure. On appeal appellant argues that the trial court erred as a matter of law when it concluded that it lacked jurisdiction to grant appellant's request. For the following reasons, we dismiss the appeal for lack of appellate jurisdiction.

### BACKGROUND

In 1991 appellant pleaded guilty to a charge of credit card abuse and was assessed a punishment of three years in prison, probated for four years, and a $400 fine. In 1994 the trial court granted appellant's motion for early release from probation. In 2012 appellant filed a motion to set aside the conviction and to dismiss the charges pursuant to article 42.12, section

20(a) of the code of criminal procedure. In support of his motion appellant attached an affidavit stating, among other things, that (1) his 1991 conviction is his only conviction, (2) he has been married for over 12 years and has 2 children, (3) he and his wife own a home and a children's clothing resale store, (4) he believes he has been denied employment opportunities in the past due to his felony conviction, and (5) setting aside his conviction will allow him to attend "Paramedic and Fireman school." The trial court held a hearing on appellant's motion. During that hearing, counsel for the State cited two cases—*State v. Shelton*, 396 S.W.3d 614 (Tex. App.—Amarillo 2012, pet. ref'd), and *State v. Fielder*, 376 S.W.3d 784 (Tex. App.—Waco 2011, no pet.)—and argued that the trial court lacked jurisdiction to grant any relief to appellant because more than thirty days had passed since appellant was discharged from community supervision. The trial court agreed with the State and concluded that it lacked jurisdiction to consider appellant's motion.

## ANALYSIS

On appeal appellant argues that (1) the trial court's ruling was contrary to the express language of article 42.12, section 20(a), (2) the trial court's ruling conflicted with the decision in *Cuellar v. State*, 70 S.W.3d 815 (Tex. Crim. App. 2002), and (3) the trial court had jurisdiction over the matter because the request for "judicial clemency" was actually a separate civil action instead of a continuation of the underlying criminal case.

This case is analogous to *Cooksey v. State*, No. 05-12-00301-CR, 2013 WL 1934943 (Tex. App.—Dallas May 10, 2013, no pet.), in which the defendant appealed from the denial of a similar motion to set aside his conviction and to dismiss the charges pursuant to article 42.12, section 20(a) of the code of criminal procedure and raised the same arguments.[1] As we

---

[1] We note that in his motion to consolidate this case with *Cooksey*, appellant acknowledged that this case is "practically identical" to *Cooksey* and that "[t]his Court's ruling in *Cooksey* will directly affect this appeal and the rights of the parties involved."

explained in *Cooksey*, it appears that "whether to grant 'judicial clemency' is left to the trial court's *sole discretion*.'" *Id.*, 2013 WL 1934943, at *2. As a result, we concluded in *Cooksey* that we lacked jurisdiction over the appeal because "there is no statutory authority of which we are aware authorizing an appeal from the denial of a motion for 'judicial clemency.'" *Id.* In this case, because appellant is likewise appealing from the denial of a motion to set aside a conviction and to dismiss the charges pursuant to article 42.12, section 20(a) of the code of criminal procedure, we conclude that we lack jurisdiction to consider this appeal, and we do not reach any of appellant's issues, including the issue of whether the trial court had jurisdiction to grant appellant's motion. *See id.*, 2013 WL 1934943, at *4. We dismiss the appeal for want of jurisdiction.

/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

130069F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ALAN CHRISTOPHER NELSON,
Appellant

No. 05-13-00069-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 219th Judicial District
Court, Collin County, Texas
Trial Court Cause No. 219-8017191.
Opinion delivered by Justice Lang-Miers.
Justices O'Neill and Evans participating.

Based on the Court's opinion of this date, the above appeal is **DISMISSED** for want of jurisdiction.

Judgment entered this 18th day of November, 2013.

/Elizabeth Lang-Miers/

ELIZABETH LANG-MIERS
JUSTICE