

# IN THE
# TENTH COURT OF APPEALS

### No. 10-15-00338-CR

**JOHN GUSTAVO GOMEZ,**

                                                            **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                            **Appellee**

---

### From the 361st District Court
### Brazos County, Texas
### Trial Court No. 15-001557-CV-361

---

## O R D E R

---

The clerk's record in this appeal was filed on January 4, 2016, but a certification of defendant's right of appeal regarding the trial court's judgment was not included in it. The trial court was therefore notified by letter dated April 5, 2016, that a certification of defendant's right of appeal regarding the trial court's judgment had not been provided to this Court. The letter required the trial court to provide the trial-court clerk with the trial court's certification within 14 days from the date of the letter and required the trial

court clerk to file a supplemental clerk's record containing the trial court's certification with this Court within 28 days from the date of the letter.

Subsequently, this Court was informed that the trial court's certification had not been provided because the case was assigned a civil cause number in the trial court. The trial court was nevertheless notified by letter dated June 16, 2016, that it was required to provide the trial court clerk with the trial court's certification within 14 days from the date of the letter and that the trial court clerk was required to file a supplemental clerk's record containing the trial court's certification with this Court within 28 days from the date of the letter. The June 16, 2016 letter explained that, as noted by the State in its Motion to Dismiss for Lack of Jurisdiction the Petitioner's Motion to Set Aside Conviction and Dismiss Charges, the civil cause-number assignment was erroneous because this is a criminal-law matter. *See State v. Shelton*, 396 S.W.3d 614, 618-19 (Tex. App.—Amarillo 2012, pet. ref'd); *Curry v. Wilson*, 853 S.W.2d 40, 43 (Tex. Crim. App. 1993) ("Disputes which arise over the enforcement of statutes governed by the Texas Code of Criminal Procedure, and which arise as a result of or incident to a criminal prosecution, are criminal law matters."). The trial court was therefore required to enter a certification of defendant's right to appeal when it entered a judgment of guilt or other appealable order in this case. TEX. R. APP. P. 25.2(a)(2).

This Court's Clerk's Office subsequently contacted Appellant's counsel about the status of the overdue certification of defendant's right of appeal, and Appellant's counsel

expressed concern over the dating of the certification of defendant's right of appeal. Thereafter, the parties and the trial court were advised by letter dated August 23, 2016, that this Court had no concern over the dating of the certification of defendant's right of appeal. The letter notified the parties and the trial court that this Court's only concern is that the record contain a certification of defendant's right of appeal showing that Appellant has the right of appeal: "The appeal must be dismissed if a certification that shows the defendant has the right of appeal has not been made part of the record under these rules." TEX. R. APP. P. 25.2(d). The letter further informed the parties and the trial court that, unless this Court received an executed certification of defendant's right of appeal within seven days of the date of the letter, the Court will abate this appeal and order the trial court to hold a hearing with the parties in attendance so that the trial court and the parties can execute a certification of defendant's right of appeal, or, in the alternative, to receive evidence and determine why an executed certification of defendant's right of appeal cannot be provided to this Court.

Over seven days has passed, and this Court has not received an executed certification of defendant's right of appeal regarding the trial court's judgment. We therefore abate this appeal and order the trial court to hold a hearing with the parties in attendance so that the trial court and the parties can execute a certification of defendant's right of appeal, or, in the alternative, to receive evidence and determine why an executed certification of defendant's right of appeal cannot be provided to this Court.

The hearing must be held within 14 days of the date of this order, and the supplemental clerk's and reporter's records pertaining to the hearing are ordered to be filed within 28 days of the date of this order.

PER CURIAM

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Appeal abated
Order issued and filed September 28, 2016
Do not publish

