**Opinion issued December 10, 2020**



In The

# Court of Appeals

For The

# First District of Texas

————————————

**NO. 01-19-01008-CR**

———————————

**THE STATE OF TEXAS, Appellant**

**V.**

**LAKESIA KEYON BRENT, Appellee**

---

**On Appeal from the County Criminal Court at Law No. 12**
**Harris County, Texas**
**Trial Court Case No. 2012280**

---

## O P I N I O N

Lakesia Brent was convicted for misdemeanor theft and placed on community supervision. Brent successfully completed community supervision, and the trial court entered an order discharging her. *See* TEX. CODE CRIM. PROC. art. 42A.701(e). Over two-and-a-half-years later, Brent filed a motion for judicial

clemency, *see id.* art. 42A.701(f), which the trial court granted over the State's jurisdictional objection.

On appeal, the State argues that the trial court lacked jurisdiction to grant Brent's motion because (1) its power to grant judicial clemency expired 30 days after the entry of its order discharging Brent from community supervision and (2) Brent did not receive a type of discharge eligible for judicial clemency.

We affirm.

## Background

This appeal presents pure questions of law. The material facts are simple and undisputed.

On March 3, 2016, Brent was tried and convicted by a jury for misdemeanor theft. The next day, the trial court entered its Judgment of Conviction by Jury, which sentenced Brent to 180 days in the county jail, suspended the sentence for a period of one year, and placed Brent on community supervision.

On March 22, 2017, the trial court entered an Order Affecting Community Supervision, in which the trial court found that Brent's period of community supervision had "expired" and that she was therefore "discharged by operation of law."

On November 1, 2019, Brent filed her Motion to Set Aside the Verdict and Dismiss Pursuant to Texas Code of Criminal Procedure Art. 42A.701(f). In her

motion, Brent asserted that she was completely rehabilitated and ready to re-take her place as a law-abiding member of society and therefore entitled to "judicial clemency" under article 42A.701(f). She requested that the trial court set aside the jury's verdict, dismiss the charging instrument, and order that she be released from all penalties and disabilities resulting from her conviction.

On November 8, 2019, the State filed its Response, objecting that the trial court's jurisdiction to grant Brent's motion expired 30 days after the entry of its discharge order on April 21, 2017. The State did not otherwise dispute that Brent qualified for judicial clemency.

On November 12, 2019, the trial court held a hearing and orally granted Brent's motion.

On November 18, 2019, the trial court entered Findings of Fact and Conclusions of Law in support of its ruling. The trial court found that it was undisputed that Brent was rehabilitated and ready to re-take her place as law-abiding member of society. The trial court concluded that it had jurisdiction to grant judicial clemency because article 42A.701 does not limit "the time period during which either regular discharge or judicial clemency must be ordered." The trial court reasoned that the statute is most logically construed as setting no deadline for granting judicial clemency given that (1) the evidence developed during the period of community supervision is often insufficient for trial courts to

3

determine whether the defendant is fully rehabilitated and (b) defendants do not have a right to counsel or an automatic hearing at the time of discharge and are thus deprived of the resources necessary to show their rehabilitation and advocate for judicial clemency at that time. The trial court therefore granted Brent's motion for judicial clemency and ordered that the verdict be set aside, the charging instrument be dismissed, and Brent be released from all further penalties and disabilities related to her conviction. The next day, the trial court entered a Set Aside Order, which withdrew its Judgment of Conviction by Jury and dismissed the case.

The State appeals.

## Jurisdiction

On appeal, the State argues that the trial court lacked jurisdiction to grant Brent's motion for judicial clemency because (1) the trial court's power to grant judicial clemency expired 30 days after the entry of its order discharging Brent from community supervision and (2) Brent did not receive the type of discharge that is eligible for judicial clemency under article 42A.701.

### A. Standard of review

This appeal involves issues of jurisdiction and statutory construction, both of which are questions of law that we review de novo. *Bell v. State*, 569 S.W.3d 241, 244 (Tex. App.—Houston [1st Dist.] 2018, pet. granted).

## B.	Applicable law

### 1.	Jurisdiction

Jurisdiction refers to a court's power to adjudicate a matter in a given case. *Garcia v. Dial*, 596 S.W.2d 524, 527 (Tex. Crim. App. 1980). It is an absolute systemic requirement. *State v. Dunbar*, 297 S.W.3d 777, 780 (Tex. Crim. App. 2009). If a court does not have jurisdiction, it does not have power to act. *Id.* Thus, every act of a court must be based on some source of jurisdiction. *State v. Patrick*, 86 S.W.3d 592, 595 (Tex. Crim. App. 2002).

The principle sources of a trial court's jurisdiction over the subject matter of a case consist of express grants of power conferred by constitution, statute, or common law. *See Dunbar*, 297 S.W.3d at 780 ("A trial court's jurisdiction over a criminal case consists of the power of the court over the subject matter of the case, conveyed by statute or constitutional provision . . . ."); *State v. Johnson*, 821 S.W.2d 609, 612 (Tex. Crim. App. 1991) ("Generally speaking, a court's authority to act is limited to those actions authorized by constitution, statute, or common law.").

Additional sources of jurisdiction consist of grants of inherent and implied power. *Johnson*, 821 S.W.2d at 612. A trial court's "inherent" powers are those "which it may call upon to aid in the exercise of its jurisdiction, in the administration of justice, or in the preservation of its independence and integrity."

*Id.* A trial court's "implied" powers are those which "aris[e] from," *id.*, and are exercised "in furtherance of" express grants of power. *Patrick*, 86 S.W.3d at 595; *see also Ex parte Hughes*, 129 S.W.2d 270, 273–74 (Tex. 1939) ("[O]ur courts have such powers and jurisdiction as are directly provided by law, and, in addition thereto, they have such further powers and jurisdiction as are reasonably proper and necessary,-that is, as ought to be inferred, from the powers and jurisdiction directly granted.").

### 2. Article 42A.701

The statute at issue in this appeal is Code of Criminal Procedure, article 42A.701. Entitled "Reduction or Termination of Community Supervision Period," article 42A.701 establishes the circumstances under which a trial court may and must discharge a defendant from community supervision. *See generally* TEX. CODE CRIM. PROC. art. 42A.701. It provides for two types of discharge, one permissive and one mandatory. *Id.* art. 42A.701(a), (e).

The permissive discharge is addressed in subsection (a). It provides:

> At any time after the defendant has satisfactorily completed one-third of the original community supervision period or two years of community supervision, whichever is less, the judge may reduce or terminate the period of community supervision.

*Id.* art. 42A.701(a).

The mandatory discharge is addressed in subsection (e). It provides:

> On the satisfactory fulfillment of the conditions of community supervision and the expiration of the period of community supervision, the judge by order shall:
>
> (1) amend or modify the original sentence imposed, if necessary, to conform to the community supervision period; and
>
> (2) discharge the defendant.

*Id.* art. 42A.701(e).

As the Court of Criminal Appeals explains, a discharge under either subsection is a recognition that the defendant "has paid his debt to society . . . ." *Cuellar v. State*, 70 S.W.3d 815, 818 (Tex. Crim. App. 2002). When a defendant is discharged, he "in effect, 'graduates' from community supervision" though he remains convicted of the offense. *Id.*

In addition to discharge from community supervision, article 42A.701 establishes another type of relief for criminal defendants. TEX. CODE CRIM. PROC. art. 42A.701(f). Colloquially referred to as "judicial clemency," this second type of relief is available "when a trial judge believes that a person on community supervision is completely rehabilitated and is ready to re-take his place as a law-abiding member of society . . . ." *Cuellar*, 70 S.W.3d at 819.

Judicial clemency is addressed in subsection (f). It provides:

> If the judge discharges the defendant under this article, the judge may set aside the verdict or permit the defendant to withdraw the defendant's plea. A judge acting under this subsection shall dismiss the accusation, complaint, information, or indictment against the defendant. A defendant who receives a discharge and dismissal under this subsection is released from all penalties and disabilities resulting from the offense of which the defendant has been convicted or to

7

which the defendant has pleaded guilty [subject to certain exceptions not applicable here].

TEX. CODE CRIM. PROC. art. 42A.701(f).

As the permissive text makes clear, whether to grant judicial clemency "is wholly within the discretion of the trial court." *Cuellar*, 70 S.W.3d at 820. If the trial court grants judicial clemency, "the conviction is wiped away, the indictment [is] dismissed, and the [defendant] is free to walk away from the courtroom released from all penalties and disabilities resulting from the conviction." *Id.* at 818 (quotations omitted). With limited exceptions,[1] once the trial court grants judicial clemency, "the felony conviction disappears . . . ." *Id.* at 820. Thus, unlike a defendant who has been merely discharged, a defendant who has been granted judicial clemency is no longer convicted of the offense. *Id.*

Article 42A.701 and its predecessors have never contained language specifying whether and if so when a trial court may grant judicial clemency after discharging the defendant from community supervision. Nor has the statute ever specified whether an order discharging the defendant—but not expressly finding

---

[1] The statute creates two exceptions. First, if the defendant is convicted of a later offense, the defendant must still disclose the earlier dismissed conviction to the trial court. TEX. CODE CRIM. PROC. art. 42A.701(f)(1). Second, if the defendant is an applicant for or holder of a license to operate a daycare or other child-care facility under Chapter 42 of the Human Resources Code, the Department of Family and Protective Services, which is responsible for licensing all child-care operations in the state, "may consider the fact that the defendant previously has received community supervision" in determining whether to issue, renew, deny, or revoke the license. *Id.* art. 42A.701(f)(2).

8

the defendant satisfied the conditions of community supervision—qualifies as a discharge under the statute. In this appeal, we address both issues.

**C.    Analysis**

**1.    The trial court's power to grant judicial clemency**

We begin by considering the State's argument that the trial court lacked jurisdiction to grant Brent's motion because its power to grant judicial clemency expired 30 days after the entry of its discharge order. In support of its argument, the State cites to opinions issued by five of our sister courts, each of which holds that a trial court's jurisdiction to grant judicial clemency expires 30 days after entry of an order discharging the defendant from community supervision. *See State v. Perez*, 494 S.W.3d 901, 905 (Tex. App.—Corpus Christi 2016, no pet.); *State v. Shelton*, 396 S.W.3d 614, 619 (Tex. App.—Amarillo 2012, pet. ref'd); *State v. Fielder*, 376 S.W.3d 784, 784–85 (Tex. App.—Waco 2011, no pet.); *Poornan v. State*, No. 05-18-00354-CR, 2018 WL 6566688, at *2 (Tex. App.—Dallas, Dec. 13, 2018, no pet.) (mem. op., not designated for publication); *Buie v. State*, No. 06-13-00024-CR, 2013 WL 5310532, at *2 (Tex. App.—Texarkana Sept. 20, 2013, no pet.) (mem. op., not designated for publication).

These opinions, of course, constitute persuasive authority, which is not binding on this Court. *Cannon v. State*, 691 S.W.2d 664, 679–80 (Tex. Crim. App. 1985) ("It is rudimentary that courts are not bound by decision of other courts of

equal jurisdiction."). Their holdings, more importantly, rest on an erroneous construction of article 42A.701, one that requires the trial court to discharge the defendant and grant judicial clemency *at the same time*. *See, e.g.*, *Shelton*, 396 S.W.3d at 618 ("We think the sentences [addressing discharge and judicial clemency], taken together, indicate the Legislature intended the judicial clemency decision to be made at the same time as the "usual" discharge.").

If the statute required the trial court to discharge the defendant and grant judicial clemency at the same time as part of a single proceeding, then we would agree that the trial court retains plenary power over the proceeding for 30 days after the entry of its discharge order, at which point its jurisdiction to grant judicial clemency expires. *See Perez*, 494 S.W.3d at 905 ("Thus, absent further guidance from the Texas Court of Criminal Appeals or the Legislature, we conclude that the trial court must order judicial clemency upon or after either mandatory or permissive discharge occurs, but before the trial court loses plenary jurisdiction."). But, like Justice Pirtle of the Amarillo Court of Appeals, we see no textual basis for imposing such a requirement. *See State v. Shelton*, 396 S.W.3d 614, 621 (Tex. App.—Amarillo 2012, pet. ref'd) (Pirtle, J., dissenting) ("With all due respect, I simply do not read such a limitation into the juxtaposition of these two sentences [addressing discharge and judicial clemency]."). Discharge and judicial clemency are separate forms of relief, created and governed by separate parts of the statute.

10

TEX. CODE CRIM. PROC. art. 42A.701(e) (discharge); *id.* art. 42A.701(f) (judicial clemency).

The two are, however, related. Under the statute, discharge from community supervision is a precondition for judicial clemency. The statute provides that "[i]f the judge discharges the defendant under this article, the judge may [grant judicial clemency]." *Id.* art. 42A.701(f). A judge may grant judicial clemency, but only if the judge discharges the defendant from community supervision. This conditional language establishes when a trial court's power to grant judicial clemency *arises* (when the trial court discharges the defendant), but it says nothing about when the trial court's power *expires*.

Trial courts may in practice generally exercise this power when discharging the defendant from community supervision. *But see Cuellar,* 70 S.W.3d at 815 (granting judicial clemency more than two months after defendant completed community supervision). But "[t]o limit the trial court's authority to consider an application for judicial clemency to that period of time immediately concurrent to a mandatory discharge of a defendant within thirty days of the successful completion of community supervision is to read a limitation into the statute that simply is not there." *Shelton*, 396 S.W.3d at 621 (Pirtle, J., dissenting). More importantly, "the creation of such a limitation is inconsistent with the public policy purpose of judicial clemency altogether." *Id.*

The purpose of judicial clemency is to grant a special form of relief to defendants who have been "completely rehabilitated." *Cuellar*, 70 S.W.3d at 819. But rehabilitation is a process. Many defendants will not be completely rehabilitated until sometime after they are discharged from community supervision. Moreover, the best evidence of rehabilitation will often be the defendant's conduct post-discharge, when the defendant is no longer under direct supervision and threat of revocation. Thus, limiting a trial court's jurisdiction to grant judicial clemency to 30 days after discharges inhibits the court's ability to assess whether the defendant is rehabilitated and thwarts the purpose of the statute.

In sum, based on the statute's text, structure, and purpose, we hold that article 42A.701 gives trial courts the discretionary power to grant judicial clemency at any time after the defendant is discharged from community supervision under the article. Because the trial court granted Brent's motion after discharging her from community supervision and had not previously entered an order granting or denying judicial clemency, we hold that the trial court had jurisdiction to grant the motion.

## 2. Brent's eligibility for judicial clemency

We now turn to the State's argument that the trial court lacked jurisdiction to grant Brent's motion because she did not receive the type of discharge for which judicial clemency is available. The State construes article 42A.701 as establishing

two types of discharge: (1) "early" discharge under subsection (a) and (2) "satisfactory" discharge under subsection (e). The State contends that article 42A.701 does not apply to so-called "natural" discharges, in which the defendant is discharged due to the "natural expiration" of the period of community supervision rather than the defendant's satisfactory fulfillment of the terms and conditions of community supervision. In its form discharge order, the trial court found that Brent's period of community supervision had "expired" and therefore ruled that Brent was "discharged by operation of law." But the trial court did not expressly find that Brent had satisfied the terms and conditions of her community supervision. Because the trial court made no such an express finding, the State argues that Brent received a "natural" discharge falling outside the scope of article 42A.701 and was thus ineligible for judicial clemency.

Brent responds that the State has failed to preserve error because it did not make this argument in the proceedings below. Brent further responds that she was discharged under article 42A.701 and thus eligible for judicial clemency.

Assuming without deciding the State's argument is preserved for our review, we hold that it erroneously characterizes Brent's discharge from community supervision as falling outside the scope of article 42A.701.

Article 42A.701 broadly applies to any offense for which a defendant has been sentenced to community supervision, except for those offenses expressly exempted by the statute. This is clear from the statute's text and structure.

The statute begins by establishing when a trial court may and must discharge (or consider discharging) a defendant from community supervision—but without specifying the offenses to which the statute applies. *Id.* 42A.701(a), (b), (e). The statute then establishes when a trial court may grant judicial clemency—but again without specifying the offenses to which the statute applies. *Id.* art. 42A.701(f). In recent amendments, the statute goes on to impose a duty on trial courts to use a standardized form in discharging defendants and sets forth the form's basic requirements, including an admonition that a defendant who receives judicial clemency is "released from the penalties and disabilities resulting from the offense . . . ." *Id.* art. 42A.701(f-1); *see* Act of June 15, 2017, 85th Leg., R.S., ch. 1017, § 3 (codified at TEX. CODE CRIM. PROC. art. 42A.701(f-1)). Only then, in the final subsection, does the statute specify three types of offenses to which it does not apply. TEX. CODE CRIM. PROC. art. 42A.701(g). By setting forth provisions of general applicability, and then carving out exemptions from those provisions, the statute makes clear that it applies to any offense for which a defendant has been sentenced to community supervision, except for those offenses exempted by statute.

14

Here, Brent was convicted of misdemeanor theft. Misdemeanor theft is not listed among the offenses exempted from the scope of article 42A.701. *Id.* art. 42A.701(g). Therefore, Brent's conviction fell within the scope of article 42A.701. Under article 42A.701, there are two types of discharge: permissive and mandatory. *Id.* art. 42A.701(a), (e). If the defendant receives either type of discharge, the defendant is eligible for judicial clemency. *Id.* art. 42A.701(f). In this case, Brent received a mandatory discharge. She was therefore eligible for judicial clemency.

Our conclusion is further supported by the absence of any contrary authority. The State has failed to cite any statute, opinion, or other legal authority establishing a "natural" discharge for when the period of community supervision ends before the defendant fulfills all the terms and conditions. Nor are we aware of any such authority. In the absence of such authority, we hold that Brent's misdemeanor theft conviction fell within the scope of article 42A.701, that Brent received mandatory discharge under the statute, and that Brent was therefore eligible for judicial clemency.

Finally, to the extent Brent's eligibility for judicial clemency depended on her satisfactory fulfillment of the terms and conditions of her community supervision, we observe that the trial court found, and it is undisputed, that Brent is completely rehabilitated and ready to re-take her place as a law-abiding member of

society. We further observe that these express findings rest in part on implied findings that Brent fulfilled the terms and conditions of her community supervision. Because it is undisputed that Brent is rehabilitated, it is also undisputed that Brent successfully completed community supervision.

We hold that Brent was eligible for judicial clemency.

We overrule the State's sole issue.

## Conclusion

We affirm.


Gordon Goodman
Justice

Panel consists of Justices Kelly, Goodman, and Countiss.

Publish. TEX. R. APP. P. 47.2(b).