

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

---
### NO. PD-0020-21
---

**THE STATE OF TEXAS**

**v.**

**LAKESIA KEYON BRENT, Appellee**

---
**ON STATE'S PETITION FOR DISCRETIONARY REVIEW
FROM THE FIRST COURT OF APPEALS
HARRIS COUNTY**
---

YEARY, J., filed a concurring opinion.

### <u>CONCURRING OPINION</u>

When a defendant satisfactorily fulfills the conditions of her community supervision and the period of her supervision expires, Subsection (e) of Article 42A.701 of the Texas Code of Criminal Procedure requires the trial court judge to discharge her. TEX. CODE CRIM. PROC. art. 42A.701, §§ (e). According to Subsection (f) of the same statute, if the judge so discharges a defendant, "the judge *may* set aside the verdict or permit the defendant to withdraw [her] plea." TEX. CODE CRIM. PROC. art. 42A.701, § (f) (emphasis added). The Court has described this latter discretion as a kind of "judicial clemency."

*Cuellar v. State*, 70 S.W.3d 815, 819 (Tex. Crim. App. 2002). The trial court's authority to grant this judicial clemency under Subsection (f) is triggered by the discharge of the probationer under Subsection (e). But Subsection (f) does not, at least explicitly, otherwise place any temporal limit on the trial court's discretion to grant it.

Every court of appeals to confront this absence of an express temporal limitation—until now—has held that a trial court may not exercise its discretionary judicial clemency authority beyond the thirty days of its plenary jurisdiction following the mandatory discharge of the probationer in accordance with Subsection (e).[1] But in the present case, the First Court of Appeals concluded that, in the absence of explicit limiting language in Subsection (f), the trial court was authorized to exercise its judicial clemency discretion as late as two years after Appellee's mandatory discharge from community supervision under Subsection (e). *State v. Brent*, 615 S.W.3d 667, 675 (Tex. App.—Houston [1st Dist.] 2020). We granted the State's petition for discretionary review to resolve this dispute. Today the Court correctly reverses.

## BACKGROUND

Convicted of misdemeanor theft, Appellee was sentenced in March of 2016 to 180 days in jail and placed on one year of community supervision. A year later, in March of 2017, upon Appellee's successful completion of her probationary period, the trial court

---

[1] *See State v. Perez*, 494 S.W.3d 901, 905 (Tex. App.—Corpus Christi 2016, no pet.); *State v. Shelton*, 396 S.W.3d 614, 619 (Tex. App.—Amarillo 2012, pet. ref'd); *State v. Fielder*, 376 S.W.3d 784, 784–85 (Tex. App.—Waco 2011, no pet.); *Poornan v. State*, No. 05-18-00354-CR, 2018 WL 6566688, at *2 (Tex. App.—Dallas Dec. 13, 2018, no pet.) (mem. op., not designated for publication); *Buie v. State*, No. 06-13-00024-CR, 2013 WL 5310532, at *2 (Tex. App.—Texarkana Sept. 20, 2013, no pet.) (mem. op., not designated for publication).

entered an order discharging her from community supervision as required by Article 42A.701(e) of the Code of Criminal Procedure. Then, more than two years later, in November of 2019, in response to a motion filed by Appellee, the trial court entered an additional order setting aside Appellee's conviction and dismissing the information, pursuant to Article 42A.701(f) of the Code of Criminal Procedure.[2] At the same time, the trial court rejected the State's contention that, because its jurisdiction had lapsed, it lacked statutory authority to grant this judicial clemency at such a late date.

The State appealed. *See* TEX. CODE CRIM. PROC. art. 44.01(a)(1) (authorizing the State to appeal from an order that dismisses an information). The court of appeals affirmed the trial court's order of dismissal, however, concluding that, "based on the statute's text, structure, and purpose, [it] gives trial courts the discretionary power to grant judicial

---

[2] Together, Article 42A.701, Subsections (e) and (f), provide:

> (e)  On the satisfactory fulfillment of the conditions of community supervision and the expiration of the period of community supervision, the judge by order shall:
>
> > (1)  amend or modify the original sentence imposed, if necessary, to conform to the community supervision period; and
> >
> > (2)  discharge the defendant.
>
> (f)  If the judge discharges the defendant under this article, the judge may set aside the verdict or permit the defendant to withdraw the defendant's plea. A judge acting under this subsection shall dismiss the accusation, complaint, information, or indictment against the defendant. A defendant who receives a discharge and dismissal under this subsection is released from all penalties and disabilities resulting from the offense of which the defendant has been convicted or to which the defendant has pleaded guilty [except for two enumerated circumstances not applicable here].

TEX. CODE CRIM. PROC. art. 42A.701, §§ (e), (f).

clemency at any time after the defendant is discharged from community supervision" under

Article 42A.701. *Brent*, 615 S.W.3d at 675. The court of appeals reasoned that:

> [t]he purpose of judicial clemency is to grant a special form of relief to defendants who have been "completely rehabilitated." *Cuellar*, 70 S.W.3d at 819. But rehabilitation is a process. Many defendants will not be completely rehabilitated until sometime after they are discharged from community supervision. Moreover, the best evidence of rehabilitation will often be the defendant's conduct post-discharge, when the defendant is no longer under direct supervision and threat of revocation. Thus, limiting a trial court's jurisdiction to grant judicial clemency . . . inhibits the court's ability to assess whether the defendant is rehabilitated and thwarts the purpose of the statute.

*Id*.; *see also State v. Shelton*, 396 S.W.3d 614, 621 (Tex. App.—Amarillo 2012, pet. ref'd)

(Pirtle, J., dissenting) (arguing that to place a temporal limitation on a trial court's authority

to grant judicial clemency when the statute does not plainly prescribe one "is inconsistent

with the public policy purpose of judicial clemency altogether.").

We granted the State's petition for discretionary review to examine the court of

appeals conclusion, especially given its incongruity with the conclusion of every other

court of appeals so far to have addressed the issue. *See* TEX. R. APP. P. 66.3(a) & (e)

(discretionary review may be appropriate when "a court of appeals' decision conflicts with

another court of appeals' decision on the same issue[,]" and when "the justices of a court

of appeals have disagreed on a material question of law necessary to the court's decision").

## ANALYSIS

"Jurisdiction" is the power to hear a controversy and issue binding decisions; a trial

court lacking jurisdiction over a matter has no power to act on that matter. *State v. Dunbar*,

297 S.W.3d 777, 780 (Tex. Crim. App. 2009). After a criminal conviction, if there is no

appeal and no community supervision, the jurisdiction of the trial court expires thirty days

after sentence is imposed. *Id*. If community supervision is granted, the trial court's jurisdiction ordinarily expires once the probationer has been discharged. *Ex parte Donaldson*, 86 S.W.3d 231, 232–33 (Tex. Crim. App. 2002). So, whether a trial court has continuing jurisdiction to grant judicial clemency under Article 42A.701(f) depends upon whether that provision may be read to confer jurisdiction for that limited purpose at any point beyond the time at which the probationer is discharged under Article 42A.701, Subsection (e). As the Amarillo Court of Appeals observed, in *State v. Shelton*, in 2012, "the statute is silent" with respect to this issue. *Shelton*, 396 S.W.3d at 618.

The question for this Court now is how to construe the statute in the absence of express language governing the time frame within which the trial court must exercise its discretionary authority to grant judicial clemency. In *Shelton*, the court of appeals opined that the close textual proximity of the language of discharge [Subsection (e)] to the language of judicial clemency [Subsection (f)] within the structure of the statute indicated that the decision whether to grant clemency should be made contemporaneously with the discharge.[3] *Id*. It flatly rejected the idea that the statute was meant to extend a trial court's jurisdiction into the indefinite future, thus allowing a trial court to grant judicial clemency at any point that it might conclude a former probationer had fully rehabilitated himself. *Id*. at 619. Though the version of the statute in effect when *Shelton* was decided has since been

---

[3] At the time *Shelton* was decided, both the discharge provision and the clemency provision were contained in the same subsection of then-Article 42.12—Subsection 20(a). *See* 396 S.W.3d at 616 (quoting former TEX. CODE CRIM. PROC. art. 42.12, § 20(a), prior to its recodification in Acts 2015, 84th Leg., ch. 770, p. 2360, § 1.01, eff. Jan. 1, 2017). The 2015 recodification divided former Subsection 20(a) into current Subsections (a), (e), and (f) of Article 42A.701, but it did not substantively change the text. *See* Acts. 2015, 84th Leg., ch. 770, p. 2395, § 4.01.

recodified, and its various provisions broken down into separate subsections, it remains the case that their close juxtaposition suggests that the trial court's discretion whether to set aside the verdict should be exercised at the time that it discharges the probationer's community supervision.

But what about the court of appeals' concern that a temporal extension of the trial court's jurisdiction (to grant judicial clemency) is necessary to effectuate the rehabilitative goal of the statute? *Brent*, 615 S.W.3d at 675. It is true that, in *Cuellar*, this Court identified "complete" rehabilitation as the purpose animating the discretionary set-aside under subsection (f) of the statute. 70 S.W.3d at 819. But the Court described this policy in terms of an offender's rehabilitation *while he is on community supervision*, and not at some later point in time: "[W]hen a trial judge believes that a person on community supervision is completely rehabilitated and is ready to take his place as a law-abiding member of society," it may set aside the verdict or permit him to withdraw his plea. *Id*. Indeed, when it comes to judicial speculation about policy considerations that may inform the legislative judgment about how long a trial court's jurisdiction should extend to grant judicial clemency, I would simply observe that the Legislature could just as readily have believed that a probationer who has not yet rehabilitated herself by the end of her designated probationary period should not enjoy the grace that judicial clemency affords.

In the almost-ten years since the various courts of appeals have uniformly construed Article 42A.701(f) in this way, the Legislature has taken no corrective measure to indicate disagreement with the lower courts' construction. *See State v. Colyandro*, 233 S.W.3d 870, 877 (Tex. Crim. App. 2007) ("[W]e have long recognized that prolonged legislative silence

or inaction following a judicial interpretation implies that the Legislature has approved of the interpretation."). In fact, the only substantive amendment is wholly consistent with the conclusion that a trial court may grant judicial clemency only at the time it discharges the probationer. In 2017, before the court of appeals rendered its decision in the instant case, the Legislature added Subsections (f–1) and (f–2) to the statute. *See* Acts 2017, 85th Leg., ch. 1017, § 3, eff. Sept. 1, 2017 (but applicable only to discharges that occur after Jan. 1, 2018, *id*. §4(d)). These new provisions direct the Office of Court Administration to adopt a standardized form, and mandates that trial courts use it, "in discharging a defendant under this article."[4] The form offers the trial court two options at the time of discharge: either (1) simply "discharge the defendant;" or (2) "discharge the defendant, set aside the verdict . . . and dismiss the accusation" against him. *Id*. This mandatory form assumes that the trial

---

[4] Added Subsections (f–1) and (f–2) provide:

(f–1) The Office of Court Administration of the Texas Judicial System shall adopt a standardized form for use in discharging a defendant under this article. A judge discharging a defendant under this article must use the form adopted under this subsection. The form must provide for the judge to:

(1) discharge the defendant; or

(2) discharge the defendant, set aside the verdict or permit the defendant to withdraw the defendant's plea, and dismiss the accusation, complaint, information, or indictment against the defendant.

(f–2) The form adopted under Subsection (f–1) must state that a defendant who receives a discharge described by Subsection (f–1)(2) is released from the penalties and disabilities resulting from the offense as provided by Subsection (f).

Acts 2017, 85th Leg., ch. 1017, § 3, eff. Sept. 1, 2017.

court's discretion to set aside the verdict will be exercised, if at all, at the same time that the trial court discharges the probationer from community supervision.

The fact that Subsection (f–1) *mandates* the use of this form at the time of discharge seems to some extent to serve as a ratification of the earlier courts of appeals' unanimous understanding of the statute.[5] While it is true that, "in interpreting a prior law, we generally accord little weight to subsequent legislative enactments," *Volosen v. State*, 227 S.W.3d 77, 80 (Tex. Crim. App. 2007), under certain circumstances a subsequent amendment may give unique insight into the proper construction of a statute that may have been ambiguous in an earlier incarnation. *Brown v. State*, 943 S.W.2d 35, 40 (Tex. Crim. App. 1997) ("[R]ecent amendments to [a] statute . . . may be some evidence . . . where, . . . they appear to be a response to appellate court decisions construing the statute."); *Ex parte Robbins*, 560 S.W.3d 130, 159 (Tex. Crim. App. 2016) (Newell, J., concurring on improvident grant of State's motion for rehearing). I believe that this is such a case.

And finally, at least as persuasive to me as anything else that my understanding of the statute is the correct one, is my consideration of the well-established rule that "courts should seek to interpret statutes such that their constitutionality is supported and upheld." *Lebo v. State*, 90 S.W.3d 324, 330 (Tex. Crim. App. 2002). Superficially, at least, the very concept of "judicial clemency" threatens to unduly encroach upon the prerogative of the

---

[5] The court of appeals delivered its decision in the instant case in December of 2020, long after the Legislature had added Subsections (f–1) and (f–2) to Article 42A.701. Thus, the only outlier decision construing this aspect of Article 42A.701—the court of appeals opinion in this very case—came after the effective date of the 2017 legislative amendment requiring use of the form. At that time, the Legislature could not have been aware that any appellate court would likely disagree with the theretofore unanimous judgment of the various courts of appeals, as reflected in note 1, *ante*.

Executive Department, in violation of the separation of powers mandate of Article II, Section 1, of the Texas Constitution. *See* TEX. CONST. art. II, § 1 ("[N]o person, or collection of persons, being of one of these departments [Legislative, Executive, and Judicial], shall exercise any power properly attached to either of the others, except in the instances herein expressly permitted."). At least one court of appeals has opined that the "judicial clemency" afforded by what is now Article 42A.701(f) is nevertheless constitutional, under the authority conferred upon the courts by Article 4, Section 11A, of the Texas Constitution, because it is tied to the judicial authority to suspend the imposition or execution of sentence and place the defendant on probation. *See Hoffman v. State*, 922 S.W.2d 663, 668–69 (Tex. App.—Waco 1996, pet. ref'd) ("We find [the] authority granted by article 42.12, section 20 [now Article 42A.701(f)], differs from the constitutional authority of the executive branch to pardon a criminal defendant *after conviction*."); TEX. CONST. art. IV, § 11A (granting authority to the courts, "after conviction, to suspend the imposition or execution of sentence and to place the defendant upon probation"); *cf. Ex parte Giles*, 502 S.W.2d 774, 785 (Tex. Crim. App. 1973) (observing, generally, that what is now Article 42A.701 "was enacted pursuant to the limited grant of authority of clemency to the courts in Article IV, Sec. 11A of the State Constitution").

Were we to adopt the court of appeals' construction of Article 42A.701(f) and hold that it confers jurisdiction upon a trial court to grant judicial clemency into the indefinite future—whenever the court determines that the defendant has achieved "complete rehabilitation"—it would greatly amplify the risk that the statute may be struck down as a

violation of separation of powers.[6] On the other hand, interpreting Article 42A.701(f) to authorize a set-aside of the verdict and dismissal of the accusation only at the time of discharge from community supervision is an approach that more closely adheres to the trial court's constitutional source of authority—Article IV, Section 11A—and therefore seems at least to diminish the risk that the statute might fall under such a constitutional challenge.

## CONCLUSION

For these reasons, I agree that the court of appeals erred to hold that Subsection (f) of Article 42A.701 authorized the trial court to grant Appellee's request for judicial clemency more than two years after she was discharged from her community supervision under Article 42A.701(e).

FILED:                                              October 20, 2021
PUBLISH

---

[6] In *R.R.E. v. Glenn*, for example, it was observed:

> The apparent conflict between article 42.12, section 20 [now Article 42A.701] and the Constitution has not been addressed previously although a similar statute was considered in *Snodgrass v. State*, 67 Tex. Crim. 615, 150 S.W. 178 (1912). There, the statute in question was Chapter 44 of the Acts of the 32nd Legislature, section 7[,] which provided that after double the punishment time and if there be no further conviction or charge, upon application the trial court shall set aside and annul the conviction. The Court of Criminal Appeals held the statute was contrary to the constitutional provisions allowing pardons only by the Governor, and was therefore void.

884 S.W.2d 189, 193 (Tex. App.—Fort Worth 1994, writ denied).